James J. O'BRIEN

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services.

No. 81–2655.

United States District Court,
E.D. Pennsylvania.

May 23, 1983.

James J. O'Brien, pro se.

Margaret Hutchinson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of a decision of the Secretary of Health and Human Services denying his application for child's insurance benefits under 42 U.S.C. §§ 402(d) and 423(d). The administrative proceedings appealed from occurred in Florida and the plaintiff is presently incarcerated in Florida State Prison, Starke, Florida. The defendant has moved to transfer these proceedings to the United States District Court for the Middle District of Florida pursuant to 42 U.S.C. § 405(g) (section 205(g) of the Social Security Act) on the grounds that venue is improper in this district in view of plaintiff's residence in Florida.[1] In pertinent part, 42 U.S.C. § 405(g) provides: "Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides...."

Plaintiff objects to the transfer on several grounds. First, his original application for childhood disability was filed in Lewisburg, Pennsylvania. Second, the psychiatric records which allegedly support his claim for disability were put under judicial seal by the district court in Philadelphia during a seven day habeas corpus hearing in July and August, 1966. Plaintiff contends that

---

1. This case was originally filed in the District of Maryland. *O'Brien v. Schweiker*, No. M–81–1492 (D.Md. June 15, 1981). The court, *sua sponte*, raised the issue whether venue was proper in that district and instructed plaintiff to answer several questions about his residency. Since the plaintiff's answers showed residency in Pennsylvania, the court found venue was improper in Maryland and transferred it to this district by memorandum and order dated June 23, 1981. As of January 19, 1983, this court determined that service of the complaint had not yet been made on the defendant. Upon proper service, the instant motion was filed by the defendant.

since proof of his childhood disability, *i.e.,* a mental disease before his twenty-second birthday—has already been settled in this district,[2] venue is proper here. Plaintiff also claims Philadelphia is his place of residence. He was apparently born here and resided here at the time of his arrest by the Florida authorities. *See* note one *supra.* In addition, he intends to return to Philadelphia when released from prison.

The factual allegations regarding plaintiff's residence are sufficient to support his claim of residency in Pennsylvania. This district has held that a prisoner retains the domicile he had at the time of his incarceration and may not claim a change of domicile by virtue of his incarceration. *United States ex rel. Fear v. Rundle,* 364 F.Supp. 53, 57 (E.D.Pa.1973), *aff'd,* 506 F.2d 331 (3d Cir.1974), *cert. denied sub nom. Andersen v. Fear,* 421 U.S. 1012, 95 S.Ct. 2416, 44 L.Ed.2d 679 (1975), *followed in Wright v. Redding,* 408 F.Supp. 1180, 1182 (E.D.Pa. 1975). *Compare In re Pope,* 580 F.2d 620, 622 (D.C.Cir.1978) (for general venue purposes, a prisoner resides at the place of incarceration).[3]

Since plaintiff's residency is in the Eastern District of Pennsylvania, venue would be proper here under 42 U.S.C. § 405(g). However, pursuant to 28 U.S.C. § 1404(a), a district court, for the convenience of parties and witnesses and in the interest of justice, may transfer any civil action to any other district where it might have been brought. The instant proceeding could have been brought in the Middle District of Florida where the court would have had both subject matter and personal jurisdiction. Since the administrative proceedings in this case occurred in Florida and the plaintiff, in whose name this action was brought,[4] is currently incarcerated in Florida, it is within the interests of justice that these proceedings be held in the appropriate Florida district court. *Accord, O'Brien v. Schweiker,* No. M–81–1492 (D.Md. June 15, 1981). It would also be convenient for the plaintiff since any testimony or correspondence required of or by him would be more easily accomplished were venue transferred to Florida. Witnesses' testimony could be obtained by deposition, though it is doubtful any would be involved in plaintiff's appeal. Moreover, the records plaintiff seeks to obtain from the habeas corpus hearing in 1966 and the Pennsylvania Lunacy Board's findings of 1965, could be transferred to Florida upon an order of the Florida district court.[5] The fact that the original application for childhood disability was filed in Pennsylvania is not sufficient to outweigh the strong advantages of having this appeal decided by a district court in the same state where the administrative action occurred. This is especially true where, as in this case, the original disability proceedings were commenced approximately eighteen years ago.

Accordingly, these proceedings shall be transferred to the Middle District of Florida where plaintiff is incarcerated.

---

**2.** Plaintiff would apparently consent to a transfer of venue if the defendant agreed to deliver the "sealed" records to him or if the court would review them *in camera* and certify the facts contained therein.

**3.** Some courts have held that a prisoner may rebut the "former home" presumption by showing facts indicating a *bona fide* intention to change his or her domicile to the place of incarceration. *O'Brien v. Schweiker,* No. M–81–1492 (D.Md. June 15, 1981), *citing Jones v. Hadican,* 552 F.2d 249 (8th Cir.1977), *cert. denied,* 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260 (1977); *Stifel v. Hopkins,* 477 F.2d 1116 (6th Cir.1973); *Housand v. Heiman,* 594 F.2d 923, 925–26 n. 5 (2d Cir.1979) (recent trend allows prisoner to show domicile in the place of incarceration). Whether or not this court would follow the trend and allow O'Brien to rebut the presumption of residency in Pennsylvania, is not at issue in this case.

**4.** Plaintiff claims that his sister is his guardian for the Social Security claims "and all disability benefits that may be awarded." However, plaintiff's sister has not brought this suit.

**5.** Plaintiff's suggestion that this court review the sealed records *in camera* would be inappropriate. The district court in Florida will have to make its independent decision whether the records are relevant to plaintiff's appeal and if so, how they should be reviewed.