Lisa Elaine (Cook) TAYLOR,
Plaintiff/Appellant,

v.

Jeffrey Lane TAYLOR,
Defendant/Appellee.

Court of Appeals of Tennessee,
Middle Section.

March 15, 1995.

Application for Permission to Appeal
Denied by Supreme Court
July 3, 1995.

Michael W. Edwards, Hendersonville, for appellant.

Jeffrey Lane Taylor, Gallatin, pro se.

### *OPINION*

TODD, Presiding Judge.

This divorce suit was originally filed in the Circuit Court of Davidson County. The complaint stated that the parties were residents of Sumner County. On June 13, 1994, the Davidson County Court entered an order reciting that it was represented that the parties had waived venue, but that leave of court had not been granted and that the cause was transferred "to Sumner County."

On June 21, 1994, plaintiff appealed from said order to this Court. On August 30, 1994, this Court dismissed the appeal without prejudice to a future appeal after entry of a final, appealable judgment.

On October 11, 1994, the Circuit Court of Sumner County entered a "Final Decree of Divorce" awarding plaintiff an absolute divorce and adopting the Marital Dissolution Agreement executed by the parties.

On October 13, 1994, plaintiff filed a notice of appeal from the June 13, 1994, order of transfer. The record on appeal is confined to the pleadings and orders. There is no transcript or statement of the evidence.

The sole issue presented on appeal is:

Did the Trial Court in Davidson County err in refusing to grant an irreconcilable differences divorce wherein the parties waived venue from Sumner County to Davidson County in the Marital Dissolution Agreement?

Plaintiff cites *Kane v. Kane,* Tenn.1977, 547 S.W.2d 559, wherein the Supreme Court held that the parties who failed to object to the entry of a divorce decree in a county other than the county of their residence were estopped to thereafter question the validity of the decree or proceedings supplemental thereto. The Court did point out that the provisions of T.C.A. § 36–804 (now § 36–4–105) were waivable because they related to venue and not jurisdiction.

Nothing is found in the cited opinion to entitle parties to choose the county and court in which to seek a divorce or to hold a trial court in error for declining to act upon a suit filed in the wrong venue.

Appellant cites two unpublished opinions of this Court wherein divorce decrees were affirmed on grounds of waiver of venue, but nothing is found in either opinion to suggest that a trial court may be reversed for refusing to entertain a suit filed in the wrong venue, just because the parties waive venue.

In relation to the issue in the present appeal, the cited authorities have held in substance:

Venue in a divorce case *may* be waived by the parties; and, if they do, and if a decree is entered in the wrong venue, the decree is valid.

■ The authorities do *not* hold that, whenever the parties waive improper venue, the court *must* entertain the suit and enter the requested decree.

This Court approves the statement in the order of the Davidson County Trial Court that:

... It is the practice of this Court not to render judgments on litigation from sister counties in order to avoid the appearance of forum shopping and impropriety relative to the Fourth Circuit Court. Further, the case load for Davidson County does not warrant receiving matters from surrounding counties where jurisdiction and venue is clearly in that county.

Even though no statutory authority is found for the order of transfer to Sumner County, it would be most unreasonable to vacate the Sumner County decree because of an unauthorized transfer where neither party is shown to have objected to the acceptance of the suit by the Sumner County Trial Court.

Neither party to this appeal has complained of lack of proper venue or lack of personal jurisdiction of the Sumner County Trial Court which entered the decree.

■ The parties evidently submitted to the personal jurisdiction of the Trial Court in the proper venue for their action, and the

resulting judgment is not subject to attack for irregularity of the manner in which personal jurisdiction was conferred upon the Court.

Whatever technical error may have occurred in the transfer to Sumner County, there is no showing by either party of any prejudice resulting therefrom. The parties were not required to travel outside the county of their residence, and they were granted a decree in accordance with their agreement.

Absent prejudice to a party or to the judicial process, a final judgment should not be set aside. T.R.A.P. Rule 36(b).

The appellant's brief concludes:

What relief can the Court afford the Taylors? They are already divorced—the Courts of Sumner County granted them a divorce but this was not the Court of their choosing. Should they be denied access to Davidson County when that is a legal right they possess?

The appellant in this cause would ask that this Court reverse the actions of the Trial Judge in the Fourth Circuit Court for Davidson County and issue an opinion so finding that the Fourth Circuit Court was in error by denying access to the Court where the parties have waived venue—that will satisfy the Taylors.

Essentially, appellant requests a declaratory judgment which would force a court outside the county of residence of the parties to entertain and dispose of a divorce suit if the parties agree.

Appellant is not entitled to such a declaratory judgment from this Court.

No reversible error is demonstrated. For the reasons stated and to the extent stated, the challenged order of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant and her surety. The cause is remanded to the Sumner County Trial Court for any further necessary proceedings.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.