IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 29, 2002

## JAMES STANLEY FERGUSON v. KELLY LEE (CILLEY) FERGUSON

Appeal from the Chancery Court for Wayne County
No. 10756     Stella Hargrove, Chancellor

No. M2001-01836-COA-R3-CV - Filed November 1, 2002

Appellant, an inmate of the Tennessee Department of Correction currently confined at South Central Correctional Center in Clifton, Wayne County, Tennessee, appeals the dismissal by the trial court of his divorce complaint. His wife is a resident of Bristol, Virginia, and the parties separated in Cheatham County, Tennessee in 1987. The trial court dismissed the case for lack of venue. We affirm with a suggestion that the case be transferred to a court having divorce jurisdiction in Cheatham County, Tennessee, or such a court in the county where Appellant resided at the time he was first incarcerated in the Department of Corrections.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., and PATRICIA J. COTTRELL, J., joined.

James Stanley Ferguson, Clifton, Tennessee, Pro Se.

Kelly Lee (Cilley) Ferguson, Bristol, Virginia, Pro Se.

**OPINION**

Appellant, James Stanley Ferguson, an inmate at South Central Correctional Center in Wayne County, Tennessee, filed, pro se, a Complaint for Divorce against Appellee, his wife, Kelly Lee (Cilley) Ferguson, in the Chancery Court for Wayne County, Tennessee on October 25, 2000. He alleged therein that his wife was a resident of Bristol, Virginia and that he was a resident of Wayne County, Tennessee. He further alleged that the parties were married June 2, 1984 in Cheatham County, Tennessee and that two minor children were born to this union. He alleged that the parties separated in April of 1987 in Cheatham County, Tennessee and relies on irreconcilable differences as grounds for this divorce. His wife, also acting pro se, waived service of process and executed a notarized Marital Dissolution Agreement which was filed simultaneously with the complaint. The

trial court, *sua sponte*, dismissed the complaint for lack of venue under Tennessee Code Annotated section 36-4-105.

Appellant challenges the trial court's dismissal, arguing on appeal that Wayne County is his "residence" as the term is used in Tennessee Code Annotated section 36-4-105 as follows:

> (a) The bill or petition may be filed in the proper name of the complainant, in the chancery or circuit court or other court having divorce jurisdiction, in the county where the parties reside at the time of their separation, or in which the defendant resides, if a resident of the state; but if the defendant is a nonresident of the state or a convict, then in the county where the applicant resides.

Tenn. Code Ann. § 36-4-105(a) (2001).

Appellee is a non-resident of the State of Tennessee. The above statute plainly construed, provides three options. According to subsection (a) Mr. Ferguson's first option would be to file "in the county where the parties reside at the time of their separation, . . ." This would unquestionably be Cheatham County where the parties resided at the time of their separation in 1987. The second alternative would be to file in the county "in which the defendant resides, if a resident of the state; . . ." Since the appellee is a non-resident, the third alternative provides Appellant's only other option: ". . . but if the defendant is a nonresident of the state or a convict, then in the county where the applicant resides." This third alternative would provide for venue in whatever county Mr. Ferguson "resides." The Supreme Court has held that, when the term is used in a statute to describe where suit may be brought, "residence" means one's legal residence or domicile. *Wiseman v. Wiseman*, 216 Tenn. 701, 710, 393 S.W.2d 892, 896 (1965).

As a preliminary matter, we hold that venue for this divorce action lies in the county where the parties resided at the time of their separation.

This Court recently held in *Asbert Joseph*:

> Because domicile is volitional, a forcible change in a person's place of residence ordinarily does not alter the person's domicile. Restatement (Second) Conflict of Laws § 17 (1971). Accordingly, a prisoner's domicile remains what it was before his or her imprisonment and does not change to the location of his or her confinement. *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991); *Ownby v. Cohen*, 19 F.Supp. 2d 558, 563 (W.D. Va. 1998); *O'Brien v. Schweiker*, 563 F.Supp. 301, 302 (E.D. Pa. 1983); *Ferguson's Adm'r v. Ferguson's Adm'r*, 255 Ky. 230, 73 S.W.2d 31, 32 (Ky. 1934).

> As a matter of law, Mr. Joseph's involuntary presence in Wayne County by virtue of his incarceration in the South Central Correctional Facility does not establish that he is a resident of Wayne County for the purpose of Tenn. Code Ann. § 29-8-102. Mr.

Joseph's petition does not contain well-pleaded facts demonstrating that his domicile was Wayne County when he was first sentenced to the custody of the Department of Correction. Accordingly, the trial court properly dismissed the petition on the ground that it did not allege that Mr. Joseph was a resident of Wayne County prior to his incarceration.

*In the matter of Asbert Joseph*, M1999-02795-COA-R3-CV, 2002 WL 773187 at *3 (Tenn. Ct. App. Apr. 30, 2002) (application to appeal denied with recommendation that opinion be published - - Sept. 30, 2002).

Likewise, in the case at bar, Mr. Ferguson has not demonstrated that he was a resident of Wayne County, Tennessee when he was first incarcerated in the Department of Corrections. As a result, venue lies in the third alternative in the county in which Mr. Ferguson last resided before his incarceration.

The Supreme Court of Tennessee has held:

Venue is the personal privilege of a defendant to be sued in particular counties; it may be waived and is waived by a defendant who defends upon the merits without first interposing an objection to improper venue. Jurisdiction is lawful authority of a court to adjudicate a controversy brought before it; jurisdiction of the subject matter is conferred by the constitution and statutes, jurisdiction of the parties is acquired by service of process. *See Corby v. Matthews*, Tenn., 541 S.W.2d 789 (1976).

Clearly, T.C.A. § 36-804 merely deals with venue of divorce actions; it is so designated in the code, "Venue of Action - -" (underscoring added); and it has been so interpreted many times by this Court, *Williams v. Williams*, 193 Tenn. 133, 244 S.W.2d 995 (1951); *Ivey v. Ivey*, 212 Tenn. 640, 371 S.W.2d 448 (1963).

There is nothing in this record to indicate that the defendant in the original divorce suit objected to the bringing of the action in Robertson County; thus, the right of venue was waived.

*Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977).

Despite the "grave reservations" of Chief Justice Henry expressed in his dissent in *Maples v. State*, 565 S.W.2d 202, 209 (Tenn. 1978), the waiver rule of *Kane* is still the law in Tennessee.

In the case at bar, Kelly Lee Ferguson, by filing a sworn Marital Dissolution Agreement and voluntarily submitting her rights to the Chancery Court of Wayne County, has effectively waived any objection to venue under *Kane* and its progeny. Such, however, does not end the inquiry.

This Court has held that the parties cannot, by waiver of improper venue, compel a court, not otherwise vested with venue, to entertain their suit. In *Taylor v. Taylor*, 903 S.W.2d 307 (Tenn. Ct. App. 1995), two residents of Sumner County, Tennessee attempted to file their suit for divorce in

the Circuit Court of Davidson County, with both parties waiving all objections to venue. The Davidson County Circuit Court refused to accept the case and transferred it to Sumner County. On appeal, this Court held:

> Plaintiff cites *Kane v. Kane*, Tenn. 1977, 547 S.W.2d 559, wherein the Supreme Court held that the parties who failed to object to the entry of a divorce decree in a county other than the county of their residence were estopped to thereafter question the validity of the decree or proceedings supplemental thereto. The Court did point out that the provisions of T.C.A. §36-804 (now § 36-4-105) were waivable because they related to venue and not jurisdiction.
>
> Nothing is found in the cited opinion to entitle parties to choose the county and court in which to seek a divorce or to hold a trial court in error for declining to act upon a suit filed in the wrong venue.
>
> . . . .
>
> The authorities do not hold that, whenever the parties waive improper venue, the court must entertain the suit and enter the requested decree.
>
> This Court approves the statement in the order of the Davidson County Trial Court that:
>
>> . . . It is the practice of this court not to render judgments on litigation from sister counties in order to avoid the appearance of forum shopping and impropriety relative to the Fourth Circuit Court. Further, the case load for Davidson County does not warrant receiving matters from surrounding counties where jurisdiction and venue is clearly in that county.
>
> Even though no statutory authority is found for the order of transfer to Sumner County, it would be most unreasonable to vacate the Sumner County decree because of an unauthorized transfer where neither party is shown to have objected to the acceptance of the suit by the Sumner County Trial Court.

903 S.W.2d 307, 308 (Tenn. Ct. App. 1995) (application for perm. to appeal denied by Supreme Court July 3, 1995).

As Appellant has not established his residence to be in Wayne County, Tennessee under the criteria set forth in *Asbert Joseph*, Wayne County is as much a stranger to this law suit for venue purposes as Davidson County was in *Taylor*. The Chancery Court of Wayne County cannot be compelled to accept venue in this case any more than the Circuit Court of Davidson County was compelled to accept venue in the *Taylor* case.

Regardless of the residence of either party, it is clear under Tennessee Code Annotated section 36-4-105 that venue in this case would be properly vested in a court having divorce jurisdiction in Cheatham County, since such is the county in which the parties resided at the time of their separation.

The judgment of the trial court is affirmed and the case is remanded to the trial court without prejudice to the rights of Mr. Ferguson to seek transfer of this case to a court having divorce jurisdiction in Cheatham County or a court having divorce jurisdiction in the county in which Mr. Ferguson resides under the criteria set forth in *Asbert Joseph.*

Costs of this cause are assessed against Appellant.


_____

WILLIAM B. CAIN, JUDGE