# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 13, 2014 Session

## SCOTT OSTENDORF, ET AL. v. R. STEPHEN FOX, ET AL.

### Appeal from the Chancery Court for Scott County
### No. 10-311     Andrew R. Tillman, Chancellor

### No. E2013-01978-COA-R3-CV-FILED-JULY 16, 2014

Scott Ostendorf, *et al.*[1] ("Plaintiffs") sued R. Stephen Fox, Mark S. Dessauer ("Attorney Dessauer"), and Hunter, Smith & Davis, LLP ("the Firm") with regard to a transaction involving the sale of substantially all of the assets of Mothwing Camo Technologies, Inc. The defendants filed motions to dismiss. After a hearing, the Chancery Court for Scott County ("the Trial Court") granted the motions to dismiss. Plaintiffs appeal to this Court. We find no error in the Trial Court's finding and holding that Plaintiffs' claims against Attorney Dessauer and the Firm are barred by the statute of limitations. We, however, find error in the *sua sponte* dismissal of Plaintiffs' claims against Mr. Fox for improper venue. We affirm the dismissal of the claims against Attorney Dessauer and the Firm, vacate the dismissal of Plaintiffs' claims against Mr. Fox, and remand this case for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Affirmed, in Part; Vacated, in Part; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and JOHN W. MCCLARTY, J., joined.

Dudley W. Taylor, Knoxville, Tennessee, for the appellants, Plaintiffs[2].

Stephen C. Daves, Knoxville, Tennessee, for the appellees, Mark S. Dessauer and Hunter, Smith & Davis, LLP.

---

[1]Scott Ostendorf, James Harris, Craig Mortz, Fred Hyder, Randall Hobbs, Toby Lynn Lett, Jim Burleson, Gregory C. Marcum, Ronald R. Nunley, Chris Hyder, Dan Provenzano, Joseph Cooper, Shea Payne, Chris Bright, Carl Yates, James Babb, Jr., Matthew Riggins, Tony Semple, Bobby Davidson, Clarence Smith, Danny Geisler, J. Michael Amburgey, John A. Murnane, Kerry Trivette, Landon Taylor, Mike Smith, Roger Housewright, Sherri Godsey, Tom Anderson, Wesley Stanton, and Greg Hart.

[2]For a list of the names of the Appellants/Plaintiffs see footnote 1.

Winston S. Evans and Jeffrey J. Switzer, Nashville, Tennessee, for the appellee, R. Stephen Fox.

## MEMORANDUM OPINION[3]

### Background

Plaintiffs filed their Complaint on March 28, 2012. Attorney Dessauer and the Firm filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(1), (3) and (6) for lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and the bar of the statute of limitations. Mr. Fox filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted. After a hearing, the Trial Court granted Attorney Dessauer and the Firm's motion after finding and holding that Plaintiffs' claims were barred by the statute of limitations and granted Mr. Fox's motion after finding and holding that venue was improper. Plaintiffs appeal the dismissal of their claims.

### Discussion

Although not stated exactly as such, Plaintiffs raise two issues on appeal: 1) whether the Trial Court erred in dismissing Plaintiffs' claims against Attorney Dessauer and the Firm based upon the statute of limitations; and, 2) whether the Trial Court erred in dismissing Plaintiffs' claims against Mr. Fox for lack of proper venue.

With regard to motions to dismiss our Supreme Court has instructed:

A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity*,

---

[3] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

*Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (*citing Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure § 5-6(g), at 5-111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

We first consider whether the Trial Court erred in dismissing Plaintiffs' claims against Attorney Dessauer and the Firm based upon the statute of limitations. "The applicable statute of limitations is determined according to the gravamen of the complaint, rather than its designation as an action for tort or contract." *Tip's Package Store, Inc. v. Commercial Ins. Managers, Inc.*, 86 S.W.3d 543, 551 (Tenn. Ct. App. 2001).

After reviewing Plaintiffs' Complaint, the Trial Court found and held that Plaintiffs' claims against Attorney Dessauer and the Firm sounded in legal malpractice. We agree. Plaintiffs' Complaint alleges, in pertinent part, that Plaintiffs "were represented in the above negotiations by Dessauer and the Firm," and that Plaintiffs relied upon these defendants "to utilize their professional skills in the best interests of the Plaintiffs . . .." Plaintiffs make the further allegations and statements that "Plaintiffs had been represented by Dessauer and his Firm," that Plaintiffs "continued to believe that [Attorney Dessauer] and the Firm continued to represent them in connection with the described transactions," that "Plaintiffs had earlier relied on Dessauer and his Firm to file . . . and/or take any other such actions as were necessary to perfect the Plaintiff's [sic] security interest," that "without any notice to Plaintiffs, Dessauer and the Firm switched their representation to the Defendant Fox and his entities," and that Attorney Dessauer and the Firm "supplied faulty or misleading

information for the guidance of Plaintiffs in their business transactions, while acting in the course of providing legal representation to Plaintiffs." Thus, we agree with the Trial Court that the gravamen of Plaintiffs' Complaint sounds in legal malpractice.

Our Supreme Court has instructed that:

> The statute of limitations for legal malpractice is one year from the time the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(2). When the cause of action accrues is determined by applying the discovery rule. Under this rule, a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant. *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998); *Stanbury v. Bacardi*, 953 S.W.2d 671, 677 (Tenn. 1997).

*Kohl & Co., P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998).

The Trial Court found that Plaintiffs were put on notice of the alleged legal malpractice by virtue of a November 24, 2008 letter from Attorney Dessauer to Plaintiffs[4], if not before that time. This November 24, 2008 letter contained, among other things, details regarding a proposal for payment of loans previously made to Mothwing by several Plaintiffs and spoke of the public sale of the assets of Mothwing and the fact that security interests held by Plaintiffs had not been properly perfected. We agree with the Trial Court that Plaintiffs' cause of action for legal malpractice accrued no later than their receipt of this November 24, 2008 letter. Plaintiffs did not file their Complaint until March 28, 2012, well outside of the one year statute of limitations for legal malpractice actions. As such, we find no error in the Trial Court's granting Attorney Dessauer and the Firm's motion to dismiss based upon the statute of limitations applicable to legal malpractice claims.

We next consider whether the Trial Court erred in dismissing Plaintiffs' claims against Mr. Fox for lack of proper venue. With regard to venue, this Court has stated:

> In transitory actions, venue is a privilege of a defendant to be sued in a particular county or counties. The defendant may waive this privilege, however, by failing to assert it in a timely manner. In this regard, Tennessee's venue statutes provide that an action brought in the wrong county may be

---

[4]Plaintiffs attached a copy of the November 24, 2008 letter as an exhibit to their complaint. As such, pursuant to Tenn. R. Civ. P. 10.03, the November 24, 2008 letter is to be considered "a part of the pleading for all purposes." Tenn. R. Civ. P. 10.03.

prosecuted "unless abated by plea of the defendant." T.C.A. § 20-4-105 (1994). Under rule 12 of the Tennessee Rules of Civil Procedure, a defendant waives the defense of improper venue if she fails to raise it in either her answer or a motion to dismiss. T.R.C.P. 12.02(3), 12.08.

*Ferguson v. Warren*, No. 02A01-9906-CH-00149, 1999 Tenn. App. LEXIS 851, at **4-5 (Tenn. Ct. App. Dec. 15, 1999), *no appl. perm. appeal filed* (citations omitted).

Mr. Fox did not raise an issue regarding venue in his motion to dismiss. Given the facts and circumstances of this case, we have found no support for the Trial Court's *sua sponte* dismissal for lack of venue when Mr. Fox failed to raise an issue regarding venue. In *Ferguson v. Warren*, this Court reversed the trial court's *sua sponte* dismissal for lack of venue when the defendant had failed to raise this issue. *Id*. at *5.

We agree with the proposition that "parties cannot, by waiver of improper venue, compel a court, not otherwise vested with venue, to entertain their suit." *Ferguson v. Ferguson*, No. M2001-01836-COA-R3-CV, 2002 Tenn. App. LEXIS 775, at *7 (Tenn. Ct. App. Nov. 1, 2002) (citing *Taylor v. Taylor*, 903 S.W.2d 307 (Tenn. Ct. App. 1995), *no appl. perm. appeal filed*. Given the record now before us, however, we are unable to determine that the Trial Court was not otherwise vested with venue. Plaintiffs asserted in their Complaint that venue was proper pursuant to Tenn. Code Ann. § 20-4-101(a), which provides, in pertinent part: "In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose . . .." Tenn. Code Ann. § 20-4-101(a) (Supp. 2013). Construing Plaintiffs' Complaint liberally in favor of Plaintiffs, as we must at this stage of the proceedings, we cannot determine from the record that the Trial Court was not otherwise vested with venue in this matter.

Because Mr. Fox did not raise an issue regarding venue in his motion to dismiss and we are unable to tell from the record that venue in the Trial Court was not present, we vacate the Trial Court's dismissal of Plaintiffs' claims against Mr. Fox. We remand this case to the Trial Court for further proceedings consistent with this Opinion.

## Conclusion

The judgment of the Trial Court granting Attorney Dessauer and the Firm's motion to dismiss is affirmed. The judgment of the Trial Court granting Mr. Fox's motion to dismiss is vacated, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed one-half against the Appellants, Scott Ostendorf, James Harris, Craig Mortz, Fred

Hyder, Randall Hobbs, Toby Lynn Lett, Jim Burleson, Gregory C. Marcum, Ronald R. Nunley, Chris Hyder, Dan Provenzano, Joseph Cooper, Shea Payne, Chris Bright, Carl Yates, James Babb, Jr., Matthew Riggins, Tony Semple, Bobby Davidson, Clarence Smith, Danny Geisler, J. Michael Amburgey, John A. Murnane, Kerry Trivette, Landon Taylor, Mike Smith, Roger Housewright, Sherri Godsey, Tom Anderson, Wesley Stanton, and Greg Hart, and their surety; and one-half against the Appellee, R. Stephen Fox.


_____

D. MICHAEL SWINEY, JUDGE