# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CHARLES ORLANDO FIELDS v. HENRY STEWARD, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
No. 6258    Joseph H. Walker, III, Judge

———————————

**No. W2008-02509-CCA-R3-HC  - Filed April 23, 2009**

———————————

The petitioner, Charles Orlando Fields, appeals the summary dismissal of his petition for habeas corpus relief by the Lauderdale County Circuit Court. In his appeal, he contends that the indictment was void because: (1) it did not include all the essential elements for the offense for which he was convicted; (2) his sentencing range was illegal; and (3) the trial court did not have subject matter jurisdiction to sentence him.  After careful review, we conclude the petitioner has not established that he is entitled to habeas corpus relief.  The judgment of the habeas corpus court is affirmed in accordance with Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Charles Orlando Fields, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The pro se petitioner appeals from the habeas corpus court's summary dismissal of his petition for habeas corpus relief.  The State has filed a motion requesting that this court affirm the order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

The petitioner was convicted of one count of selling 0.5 grams or more of cocaine within 1000 feet of a school and one count of distributing 0.5 grams or more of cocaine within 1000 feet of a school, both Class A felonies.  The trial court merged both convictions and sentenced the petitioner as a multiple offender to thirty-three years in confinement.  This court affirmed the petitioner's convictions on direct appeal. *State v. Charles Orlando Fields*, No. W2001-00124-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 20, at *22 (Tenn. Crim. App. at Jackson, Jan 2, 2002).  On September 3, 2008, the petitioner filed a writ of habeas corpus relief in Lauderdale County Circuit

Court. On September 18, 2008, the habeas court summarily dismissed the petition. On September 29, 2008, the petitioner filed a timely notice of appeal.

The petitioner raised seventeen issues in his initial petition but has limited his appeal to the following three issues: (1) the indictments were void because they failed to include the elements of Tennessee Code Annotated section 39-17-432, the Drug-Free School Zone Act, and mention the name of the school; (2) the trial court lacked subject matter jurisdiction to convict and sentence him in that the capias warrant did not charge him with violating the Drug-Free School Zone Act; and (3) the trial court erred in sentencing him as a multiple offender. The State contends that the habeas court properly dismissed the petition because the petitioner failed to raise an appropriate claim for habeas corpus relief.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment." T.C.A. § 29-21-101. It is well established that the remedy of habeas corpus is limited in scope and relief. *See Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to challenge judgments that are void and not simply voidable. *See Archer*, 851 S.W.2d at 164; *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such a judgment. A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness. *See Archer*, 851 S.W.2d at 161; *see also Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998).

The petitioner has the burden of establishing that a judgment is void or a term of imprisonment has expired by a preponderance of the evidence. *See State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. 1998). Whether habeas corpus relief should be granted is a question of law; therefore, review is *de novo* with no presumption of correctness. *See Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). A habeas court is not required, as a matter of law, to grant the writ or conduct an inquiry into the allegations contained in the petition. *See* T.C.A. § 29-21-109. If the petition fails on its face to state a cognizable claim, it may be summarily dismissed by the habeas court without an evidentiary hearing and without the appointment of counsel. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *State ex. rel Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964); T.C.A. § 29-21-109. "If from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused." T.C.A. § 29-21-109.

In his first issue, the petitioner argues that the indictment was void for failing to mention the name of the school. He specifically argues that the name of the school was an essential element of the offense and that it should have been mentioned in the indictment. The State contends that the authority cited by the petitioner does not support his argument. The case cited by the petitioner, *State v. Marshall*, 870 S.W.2d 532, 537 (Tenn. Crim. App. 1993), is a drug case, but it is not a Drug-Free School Zone Act case. The sufficiency of the indictment in that case is unrelated to the

underlying indictment in the instant case. The language of an indictment satisfies Tennessee Code Annotated section 40-13-202 if it provides adequate notice to both the petitioner and the trial court of the offense alleged. Here, the indictment charged the petitioner with selling and delivering over 0.5 grams of cocaine within 1000 feet of a school. The indictment was sufficient to place the petitioner on notice of the charged offenses. Therefore, he is not entitled to relief on this claim.

Next, the petitioner contends that the trial court did not have subject matter jurisdiction to sentence him under the Drug-Free School Zone Act because the capias failed to charge him with a school zone offense. The State contends that a capias does not confer jurisdiction on a trial court. Jurisdiction is created by the constitution and statutes. *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). Jurisdiction is conferred on the trial court by the sovereign authority that organizes the courts. *See Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994). Because the underlying indictment met constitutional and statutory requirements, the trial court was properly vested with jurisdiction.

Next, the petitioner argues that the trial court sentenced him illegally in the wrong range. He contends that he should have been sentenced as a Range I, standard offender rather than a Range II, multiple offender. Any error in classifying the petitioner as a multiple offender for purposes of sentencing would render the resulting judgments voidable, not void; therefore, it is not an appropriate ground for habeas corpus relief. Tennessee Code Annotated section 40-35-401(a) provides, in part, that "[t]here is no appellate review of the sentence in a post-conviction or habeas corpus proceeding." *See also Jasper Lee Vick v. State*, No. W2006-02172-CCA-R3-HC, 2008 Tenn. Crim. App. LEXIS 10, at *7 (Tenn. Crim. App., at Jackson, Jan. 8, 2008). The petitioner's sentence has not expired, and there is nothing on the face of the judgments to indicate that the trial court was without jurisdiction to convict and sentence him.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief. Accordingly, the State's motion is granted. The judgment of the habeas corpus court is affirmed in accordance with Rule 20, Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE