# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### March 24, 2011 Session

## IN THE MATTER OF: LaPORSHA S.

**Direct Appeal from the Circuit Court for Gibson County**
**No. 8505     Clayburn Peeples, Judge**

**No. W2010-02135-COA-R3-JV - Filed April 12, 2011**

This appeal involves a dispute over the placement of a child formerly in the custody of the Department of Children's Services. Because the child turned eighteen years old during the pendency of these proceedings, this appeal is moot and must be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., W.S., and J. STEVEN STAFFORD, J., joined.

Harold R. Gunn, Humboldt, Tennessee, for the Appellant, LaPorsha S.

Robert E. Cooper, Jr., Attorney General and Reporter, Joe Whalen, Associate Solicitor General and Douglas Earl Dimond, Senior Counsel, for the Appellee, Tennessee Department of Children's Services, Tennessee.

## MEMORANDUM OPINION[1]

In December 2008, the Tennessee Department of Children's Services ("DCS") filed a petition in the Juvenile Court of Gibson County seeking temporary custody of two siblings, Duane M. (d.o.b. 10/12/1993) and LaPorsha S. (d.o.b. 10/11/1992). The juvenile court entered an adjudicatory order in March 2009 finding Duane M. and LaPorsha S. dependent

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and neglected. In January 2010, the juvenile court reviewed and ratified a permanency plan for LaPorsha S. The juvenile court's ratification order mandated a "stepped up" placement of LaPorsha S. in a level-three environment, forbidding DCS from placing the child in a foster home or therapeutic foster home. DCS petitioned to reconsider and rescind the order mandating a specific placement, which the juvenile court denied. DCS appealed to the Circuit Court for Gibson County. The circuit court held the juvenile court could make recommendations about child placement but did not have statutory authority to order a specific placement. The guardian ad litem ("GAL") appointed to represent LaPorsha S. filed a notice of appeal to this Court on September 23, 2010. On October 11, 2010, LaPorsha S. turned eighteen years old.

GAL presents two issues for our review, as slightly reworded: (1) whether a juvenile court has authority to order a level-three placement for a dependent and neglected child if DCS files an evidentiary hearing motion and the court finds the specific placement to be in the best interests of the child; and (2) whether the proper appeal from a ruling at an evidentiary and/or permanency plan hearing is to the circuit court or the court of appeals. DCS frames the issues thus: (1) whether this Court lacks subject matter jurisdiction because the appeal is moot; (2) whether this Court, similar to the circuit court, lacks subject matter jurisdiction to review an order from the juvenile court that is not final; (3) whether the juvenile court lacked authority to mandate a specific placement for LaPorsha S.; and (4) whether this appeal is frivolous.

The dispositive issue before this Court is whether this appeal is moot.

We recently reiterated that "'[A] court only exercises its 'jurisdiction' when it is called upon to 'adjudicate a controversy.'" *Pub. Employees For Envtl. Responsibility (Peer) v. Tennessee Water Quality Control Bd.*, No. M2008-01567-COA-R3-CV, 2009 WL 1635087, at \*6 (Tenn. Ct. App. June 10, 2009) (quoting *Hurley v. Univ. of Tennessee at Knoxville*, 188 S.W.3d 519, 522 (Tenn. 2006) (quoting *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977))). "'To 'adjudicate' is not simply to render a decision or an opinion. To 'adjudicate' means '[t]o settle in the exercise of judicial authority. To determine finally.'" *Id*. (quoting *id.* (quoting Black's Law Dictionary 42 (6th ed. 1990))).

To retain its character as a justiciable controversy which may be adjudicated by the court, the controversy must remain alive throughout the litigation process, including the appeal process. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). Subject to only limited exceptional conditions, the appellate courts decline to address appeals that do not involve

a genuine and live controversy requiring the "present adjudication ... involving present rights." *State ex rel. Lewis v. State*, 208 Tenn. 534, 347 S.W.2d 47, 48 (Tenn. 1961) (quoting *Southern Pac. Co. v. Eshelman*, 227 F. 928, 932 (D.C. Cal. 1914)); *McIntyre*, 884 S.W.2d at 137. This Court will not render advisory opinions or "decide abstract legal questions." *Id.* (citations omitted). Rather, a lawsuit that no longer requires the adjudication of the parties' rights is no longer justiciable and will be dismissed as moot. *McIntyre*, 884 S.W.2d at 137. Our primary consideration when deciding if a lawsuit has become moot "is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." *Id.* (quoting Federal Practice and Procedure § 3533.3, at 261). Therefore, we will consider a case to be moot "if it no longer serves as a means to provide relief to the prevailing party." *Id.* Whether a claim has become moot is a question of law to be decided by the court. *Hurd v. Flores*, 221 S.W.3d 14, 30 (Tenn. Ct. App. 2006).

*In re Adoption of N.A.H.*, No. W2009-01196-COA-R3-CV, 2010 WL 457506, at *3 (Tenn. Ct. App. Feb. 11, 2010).

This appeal is moot because LaPorsha S. no longer needs meaningful relief from this Court. GAL filed this appeal seeking enforcement of the juvenile court's specific placement of LaPorsha in a level-three environment. DCS, however, no longer has custody of LaPorsha S. *See* Tenn. Code Ann. § 37-1-102(b)(4)(C) (2010) (providing that "[i]n no event shall a person eighteen (18) years of age or older be committed to or remain in the custody of the department of children's services by virtue of being adjudicated dependent and neglected . . . ").[2] Additionally, the juvenile court no longer possesses authority to enter orders of disposition with respect to LaPorsha S. *See* Tenn. Code Ann. § 37-1-130(a) (2010) (permitting a court to enter orders of disposition of a dependent and neglected "child"); Tenn. Code Ann. § 37-1-102(b)(4)(A) (2010) (defining a "child" as "[a] person under eighteen (18) years of age"). LaPorsha S. is no longer subject to placement of any kind, much less the specific placement that the juvenile court ordered. Thus, it does not matter whether the juvenile court or the circuit court appropriately addressed the specific placement of LaPorsha S. under the facts. This Court's resolution of the issues presented would be merely advisory, providing the appellant no relief whatsoever. GAL conceded this point at oral arguments.

---

[2]Tennessee Code Annotated § 37-1-102(b)(4)(C) provides a narrow exception for circumstances described in Tennessee Code Annotated § 37-1-173. Tenn. Code Ann. § 37-1-102(b)(4)(C) (2010). Tennessee Code Annotated section 37-1-173, however, has been repealed. *See* 2008 Tenn. Pub Acts, Ch. 906, §2, effective July 1, 2008.

There are instances when Tennessee courts recognize exceptions to the mootness doctrine, including cases involving "issues of great public interest and importance to the administration of justice" and "issues that are capable of repetition yet evading review." *In re Adoption of N.A.H.*, 2010 WL 457506, at \*4 (citing *McIntyre*, 884 S.W.2d at 137). GAL nevertheless did not argue an exception to mootness doctrine in his principal brief or file a reply brief in response to DCS's well-supported argument on the issue. GAL therefore waived any argument his client could have made concerning exceptions to the mootness doctrine. *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. App. R. 6(a), (b); *Bean v. Bean,* 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000) (citations omitted). This appeal is moot.

This appeal is also frivolous. A "frivolous" appeal is devoid of merit or has no reasonable chance of success. *Robinson v. Currey*, 153 S.W.3d 32, 42 (Tenn. Ct. App. 2004) (citing *Indus. Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). Given that GAL did not seek any type of expedited briefing schedule or extraordinary relief from this Court, the issues presented were bound to become moot during the pendency of this appeal absent the application of an exception to the mootness doctrine. GAL should have been aware—and informed his now emancipated client—that this appeal had no reasonable chance of success because this Court would be jurisdictionally unable to reach the issues presented. As DCS persuasively argues, GAL also should have been aware that the appeal would serve no purpose except to burden DCS, the Office of the Attorney General, this Court, and the taxpayers of this State. Because this appeal had no reasonable chance of success, it is within our authority to award DCS damages. *See* Tenn. Code Ann. § 27-1-122 (2000). We nevertheless conclude in our discretion that we should not award damages or tax the costs of this appeal against the appellant, LaPorsha S., the person who would ultimately suffer the consequences of her guardian ad litem's decision to pursue a meritless appeal. *See Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003) (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985)) (affirming that the decision of whether to award damages in a frivolous appeal rests within the sound discretion of the appellate court).

**Conclusion**

We dismiss this frivolous appeal as moot, decline in our discretion to award damages in favor of DCS, and waive the costs of this appeal under the unique circumstances of this case.

_____
DAVID R. FARMER, JUDGE

-4-