WILLIAMS *v.* WILLIAMS.

(*Knoxville,* September Term, 1951.)

Opinion filed December 14, 1951.

GEORGE S. CHILD, of Knoxville, for complainant.

E. E. CRESWELL, of Sevierville, for defendant.

134

Mr. Justice Gailor delivered the opinion of the Court.

This is a divorce proceeding by the wife against the husband, and the only question presented by the appeal is the legality of the personal service of the original process.

The parties were married in Sevier County and lived there until, for reasons alleged in the bill, the wife left the husband and removed to Knox County. The husband continued to live in Sevier County, but at the time of the filing of the original bill and service of process, he was working in Knox County as a carpenter, where he came to work every morning and returned to his home in Sevier County every evening. While the husband was in Knox County, the bill was filed in the Domestic Relations Court and service of process had upon him.

The question of the legality of this service is determined by proper construction of Code, Section 8429, which is as follows: "The bill or petition may be filed in the proper name of the complainant, in the chancery or circuit court of the county where the parties resided at the time of their separation, *or in which the defendant resides, or is found, if a resident;* but, if a nonresident or convict, then in the county where the applicant resides." (Emphasis ours.)

██ ██ Since it is not disputed that the Defendant resides in Sevier County, but was found in Knox County, the question resolves itself into a determination whether

the word "resident" as it is used in the foregoing section in the phrase "if a resident" means resident of the county or resident of the State. From the context, we are compelled to hold that the word "resident" means resident of the State, so that the final clauses of the section are to be read as follows: "* * * or in which the defendant resides, or is found, if a resident (of the State); but, if a nonresident (of the State) or convict, then in the county where the applicant resides."

It is only by such construction that leave to file the bill in the county of the residence of the applicant could be justified, and made to conform with the general rule of law with regard to the service of process in transitory actions which is, Code, Section 8640, that the right of action follows the person of the Defendant.

It will be observed that our construction of the word "resident" as meaning resident of the State, is preserved throughout Chapter 5 of the Code, which deals with the mode of commencing actions, Sections 8645-8655.

No Tennessee case which we have found, nor which has been brought to our attention, is directly in point, but the language in the opinion of Judge Caldwell, in the case of *Walton* v. *Walton,* 96 Tenn. 25, 33 S. W. 561, justifies the construction we have placed on the word "resident" in Section 8429 of the Code. In the Walton case, the marital domicile of the parties was Davidson County, but for about 10 months prior to the institution of the divorce proceeding, the parties had lived in Giles County, where the separation occurred, the wife returning to the home of her parents in Davidson County. She filed her bill in the latter County, but service of process was made on the husband in Marshall County, where he had taken up his residence after the separation. The wife's bill was dismissed for lack of jurisdiction. In con-

cluding its opinion affirming the action of the Trial Judge, this Court said: "The defendant, being a *resident of the State,* and not a convict, and not being found in any other county, the bill should have been filed in Giles or Marshall county." 96 Tenn. at page 27, 33 S. W. at page 561.

That our construction of the word "resident" is correct is made to appear by the language of Chancellor Cooper in the case of *Majors* v. *Majors,* 1 Tenn. Ch. 264, which is cited by Judge Caldwell in the Walton case, where Chancellor Cooper said: "I think, too, that the non-residence of the defendant, has not been made satisfactorily to appear. He went from Wilson County to East Tennessee, and when last heard from was still in that section of the state. One of the witnesses did say that the defendant was a *non-resident of the state,* but it was manifestly, from the connection in which it was said, under an impression that being in East Tennessee constituted non-residency, a result which has sometimes been talked about rather freely but not yet consummated. If the defendant is still *a resident of the state,* this court would have no jurisdiction." 1 Tenn. Ch. at page 265. (Emphasis ours.)

For the reasons stated, and under the authorities cited, the action of the learned Trial Judge in sustaining the plea in abatement to the bill is reversed and the cause remanded for further proceedings in accord with this opinion. The Defendant will pay the costs.