DOROTHY MARIE IVEY

*v.*

ELMER FRANKLIN IVEY.

*(Nashville,* December Term, 1962.)

Opinion filed October 11, 1963.

WALKER CASEY, Nashville, for plaintiff in error.

EDWARD C. WHITE, Nashville, for defendant in error.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This was a suit for divorce by the wife against the husband. A plea in abatement was filed to this action because the parties at the time resided in Cheatham County rather than Davidson County. This plea in abatement was sustained and the action dismissed. From the dismissal of this action the plaintiff in the original lawsuit, the wife, appealed.

■■ Apparently from the decree herein it was stipulated that the husband worked in Davidson County as did the wife. The children of the parties apparently lived with the wife in Cheatham County. For economic reasons the parties lived out in Cheatham County where rent was much cheaper. Apparently for this reason the trial court felt that the action should have been brought in Cheatham County and therefore dismissed the bill for divorce. The process for this suit was filed in Davidson County on the husband at his place of work. This Court in *Williams v. Williams,* 193 Tenn. 133, 244 S.W.2d 995, in interpreting the statute, sec. 36-804, T.C.A., with reference to the venue of an action in a divorce suit held that the wife properly filed for a divorce and served process on her husband in the county in which he worked, notwithstanding that the husband's home was in another county and that he went home each evening. By Chapter 153, Acts of 1963, the Legislature amended Code, Section 36-804 by striking out the words, "or is found", of the original statute. This Act became effective on March 20, 1963. The instant suit was filed on April 24, 1963, thus the 1963 amendment is applicable. This being true, *Williams v. Williams,* supra, is no longer applicable, and since both

parties live in Cheatham County the venue is in that county under the facts herein.

The decree of the trial court must be affirmed and the suit dismissed. The costs are taxed against the husband.