**Judy KANE (Higgason), Appellant,**

v.

**Samuel Thomas KANE, Appellee.**

Supreme Court of Tennessee.

March 7, 1977.

Charles L. Hendrix, Nashville, for appellant.

W. B. Hogan, Nashville, for appellee.

## OPINION

BROCK, Justice.

This is a proceeding in the Circuit Court for Davidson County in which appellant seeks to acquire custody of her daughter from her former husband, the appellee.

The parties were divorced in 1964 by decree of the General Sessions Court of Robertson County which also awarded custody of their child to the mother, appellant. Although the parties were residents of Davidson County and their separation occurred in that county, the divorce action was filed in

Robertson County. Thereafter, in 1971, application was made to the General Sessions Court of Robertson County for a modification of its decree and the father, appellee, was awarded custody of the child. We conclude from the record that still other proceedings involving the same issues between these parties have been brought before the same court. Now, however, appellant, being dissatisfied with the latest decree of that court, seeks to overturn it by resort to the Circuit Court for Davidson County. The trial judge has repelled her attempt, holding that the parties are bound by the proceedings and decrees of the General Sessions Court of Robertson County which has continuing jurisdiction over the issues asserted by appellant in this action. We are in complete agreement with that conclusion.

A court in which an action for divorce is brought and which renders a decree respecting the care, custody and support of minor children continues to have jurisdiction of such matters until the children reach majority. T.C.A. § 36–828; *Morrissey v. Morrissey*, 214 Tenn. 112, 377 S.W.2d 944 (1964). Furthermore, this jurisdiction is exclusive. *Sutton v. Sutton*, 220 Tenn. 410, 417 S.W.2d 786 (1967).

However, appellant seeks to avoid the effect of this rule by asserting that the General Sessions Court of Robertson County never acquired "jurisdiction." She bases her argument upon T.C.A. § 36–804 which provides:

"*Venue of Action.*—The bill or petition may be filed . . . in the county where the parties reside at the time of their separation, or in which the defendant resides, if a resident of the state; but if a nonresident or a convict, then in the county where the applicant resides.

"Any divorce granted prior to May 4, 1967 will not be deemed void solely on the ground that the parties to the divorce action were residents of a county or counties other than the county in which said divorce decree was entered."

Since the parties did not reside in Robertson County when their separation occurred and the defendant in the divorce action did not reside in that county, she argues that the first paragraph of the statute, above-quoted, precluded the court in Robertson County from acquiring jurisdiction. Even if she were correct in this insistence, it would appear that the second paragraph of the statute has cured the defect.

But, she is not correct. She confuses venue with jurisdiction. Venue is the personal privilege of a defendant to be sued in particular counties; it may be waived and is waived by a defendant who defends upon the merits without first interposing an objection to improper venue. Jurisdiction is lawful authority of a court to adjudicate a controversy brought before it; jurisdiction of the subject matter is conferred by the constitution and statutes, jurisdiction of the parties is acquired by service of process. See *Corby v. Matthews,* Tenn., 541 S.W.2d 789 (1976).

Clearly, T.C.A. § 36–804 merely deals with venue of divorce actions; it is so designated in the code, "Venue of Action—" (underscoring added); and it has been so interpreted many times by this Court, *Williams v. Williams,* 193 Tenn. 133, 244 S.W.2d 995 (1951); *Ivey v. Ivey,* 212 Tenn. 650, 371 S.W.2d 448 (1963).

There is nothing in this record to indicate that the defendant in the original divorce suit objected to the bringing of the action in Robertson County; thus, the right of venue was waived. Nor is there any suggestion that the defendant was not served with process, hence no lack of jurisdiction of the person is shown. Finally, there is no question raised of the statutory authority of the General Sessions Court of Robertson County to entertain suits for divorce and to award custody of children of the marriage; therefore, no lack of jurisdiction of the subject matter is shown. Accordingly, the attempt of the appellant to attack the validity of the jurisdiction and decrees of the General Sessions Court of Robertson County has totally failed. This being true, the jurisdiction of that court over the custody of the child of these parties continues to be exclusive, under the circumstances shown in this case.

The decree of the trial court is affirmed. Appellant and surety will pay the costs incident to this appeal.

COOPER, C. J., and FONES and HARBISON, JJ., concur.

HENRY, J., not participating.