IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 22, 2005 Session

**IN THE MATTER OF: E.P., T.B., T.B., AND R.B.**

**An Appeal from the Circuit Court for Fayette County**
**No. 4579     Dewey C. Whitenton, Circuit Judge**

———————

**No. W2004-02821-COA-R3-CV - Filed December 9, 2005**

———————

This is a dependency and neglect action. The four children at issue were in the custody of a non-parent. The Department of Children's Services filed a petition in juvenile court for protective custody of the children, alleging physical abuse.  After an evidentiary hearing, the Juvenile Court concluded that the children were dependent and neglected, and transferred custody to the children's biological mother.  The non-parent temporary custodians appealed to the circuit court.  The circuit court determined that the evidence was insufficient to conclude that the children were dependent and neglected. The circuit court then ordered that custody of three of the four children should remain with the biological mother, and that custody of the remaining child should be transferred back to the non-parent custodians.  The biological mother appealed.  We conclude that, once the circuit court found that the children were not dependent and neglected, it no longer had subject matter jurisdiction to determine the custody of the children.  Therefore, we vacate the custody determination of the circuit court.

 **Tenn R. App. P. 3 Appeal; Judgment of the Circuit Court vacated in part and remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Matthew R. Armour, Somerville, Tennessee, for appellant Gardenia Bryant Reliford.

Paul G. Summers, Nashville, Tennessee, and Juan G. Villasenor, Nashville, Tennessee, for appellee State of Tennessee.

Rickey W. Griggs, Bolivar, Tennessee, for appellees Joseph W. Thomas and Ella Mae Thomas.

**OPINION**

Petitioner/Appellant Gardenia Bryant[1] ("Bryant") is the mother of the four minor children at issue in this appeal, daughter E.P. (d.o.b. 7/24/88), daughter R.B. (d.o.b. 3/13/91), son T.B. (d.o.b. 8/4/92) and daughter T.B (d.o.b. 12/14/96). Respondent/Appellees Ella Mae Thomas and Joseph Thomas (collectively the "Thomases") were the non-parent temporary custodians of the four children.

In May 1993, Ella Mae Thomas filed a petition with the Juvenile Court of Fayette County, Tennessee, seeking custody of three of the four children, daughter R.B., daughter E.P., and son T.B. Daughter T.B. had not yet been born. Ms. Thomas asserted in the petition that she was seeking custody of the children because Bryant was unable to care for them, and stated that the children had already been living with her for two years. In May 1993, Ms. Thomas' petition for custody was granted. The 1993 custody order was not appealed. In 1996, Bryant's daughter T.B. was born, and the Thomases became her primary caretakers as well, although there was no judicial grant to them of custody of daughter T.B., temporary or otherwise. Until 2003, the Thomases remained the primary caretakers of Bryant's four children.

On October 27, 2003, the Tennessee Department of children's services ("DCS") received a referral alleging that Ella Mae Thomas had physically abused Bryant's daughter, R.B. DCS investigated and interviewed R.B. at her school. In the interview, R.B. told DCS that she was bound and whipped by Ms. Thomas, and that Ms. Thomas had cut R.B.'s hair to punish her for misbehavior. DCS then interviewed Bryant's three other children living in Thomas' home. Their stories were sufficiently consistent, in DCS' opinion, to indicate that Ms. Thomas had previously administered similar inappropriate punishments to the other children. After its investigation, DCS filed a petition for temporary custody in the Juvenile Court for Fayette County, Tennessee, seeking an order allowing the State of Tennessee to take protective temporary custody of Bryant's four children. The petition asserted that the children were dependent and neglected,[2] alleging abuse and "improper guardianship."

On October 29, 2003, based upon the DCS petition for temporary custody, the Juvenile Court entered a protective custody order. In the order, the Juvenile Court found probable cause to believe that the children were dependent and neglected, and subject to an immediate threat to their health and safety. Additionally, the Juvenile Court determined that there was no less drastic alternative available, to ensure the children's health and safety pending a preliminary hearing, than to grant the State temporary custody.

---

[1] Bryant's married name is Gardenia Bryant Reliford.

[2] The term "dependent and neglected" is defined by statute. The statute provides several definitions of the term. Notably, Tennessee Code Annotated § 37-1-102(b)(12)(G) defines a dependent and neglected child as a child "[w]ho is suffering from abuse or neglect." Similarly, Section 37-1-102(b)(12)(F) defines a dependent and neglected child as one "under such improper guardianship or control as to injure or endanger the. . .health of such child."

On November 7, 2003, the Juvenile Court held a preliminary hearing in the matter. After listening to the testimony of E.P. and R.B., the Juvenile Court found that there was probable cause to believe that the children were dependent and neglected, and that it was contrary to the children's best interests to remain in the care, custody, or control of the Thomases. Consequently, the Juvenile Court ordered the children to remain in the temporary legal custody of the State of Tennessee.

In January of 2004, Bryant petitioned for custody of all four children. A hearing was held on the matter. On February 9, 2004, the Juvenile Court entered an order finding by clear and convincing evidence that the four children were dependent and neglected "because Ella Mae Thomas did tie the child [R.B.] and whipped her and the Court finds that such punishment was inappropriate. The Court further finds that this incident was a one-time incident." The order transferred the custody of all four children to Bryant. Ten days later, the Thomases appealed the Juvenile Court's order to the Circuit Court.

The Circuit Court for Fayette County held a *de novo* hearing on the matter over the course of several days in July and September of 2004. No transcript of the hearing is included in the appellate record. However, the Circuit Court's order indicates that the children were among the several witnesses who testified at the hearing. The order states that, in addition to Bryant and the Thomases, DCS, the State of Tennessee and the children's guardian ad litem were present at the hearing. After hearing the evidence, the Circuit Court found that there was no clear and convincing evidence that the children were dependent and neglected within the meaning of the law. The Circuit Court explained in the order that the children "told many very different stories and it is impossible for the Court to ascertain the truth."

Nevertheless, after concluding that the children were not dependent and neglected, the Circuit Court went on to address the issue of their custody. The Circuit Court found it in the best interest of the children to (1) order custody of E.P., T.B., and T.B. to remain with Bryant, (2) order Bryant to transfer custody of R.B. to the Thomases, and (3) award the Thomases weekend visitation privileges for E.P., T.B., and T.B. for one weekend per month. From this order, Bryant and the State of Tennessee now appeal.

On appeal, Bryant raises two issues for our review. First, Bryant argues that the trial court erred in awarding custody of R.B. to the Thomases without finding that placement of R.B. with Bryant would pose a substantial risk of harm to the child. Second, Bryant argues that the trial court erred in awarding visitation rights to the Thomases as to the three children over whom Bryant maintained custody.

The State of Tennessee appeals as well. The State argues that the Circuit Court's determination that the children were not dependent and neglected deprived the Circuit Court of subject matter jurisdiction to determine the custody issues. The State contends that the Circuit Court's custody ruling should be vacated and the cause remanded to the Juvenile Court for an evidentiary hearing to determine the competing claims for custody.

We review the Circuit Court's findings of fact *de novo*, with a presumption of correctness unless the evidence preponderates otherwise. **Tenn. R. App. P.** 13(d). The Circuit Court's rulings of law are reviewed *de novo* without any presumption of correctness. ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996).

As a threshold issue, we must examine whether the Circuit Court had subject matter jurisdiction to dispose of the custody matter, once it determined that there was not clear and convincing evidence of dependency and neglect. The authority of any Tennessee court to adjudicate a case or controversy is derived from either a statute or the state constitution. ***Osborn v. Marr***, 127 S.W.3d 737, 739 (Tenn. 2004) (citing ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000); ***Meighan v. U.S. Sprint Commc'ns Co.***, 924 S.W.2d 632, 639 (Tenn. 1996); ***Kane v. Kane***, 547 S.W.2d 559, 560 (Tenn. 1977)). It is a fundamental tenet of the judicial system that "[c]ourts may not exercise jurisdictional powers that have not been conferred on them." *Id*. Consequently, the judgment of a court acting without subject matter jurisdiction is invalid and unenforceable**.** ***Brown v. Brown***, 281 S.W.2d 492, 501 (Tenn. 1955)**.** Accordingly, we must first review the Tennessee statutes addressing the jurisdiction of the Juvenile Court and of the Circuit Court, before addressing the issues raised by Bryant.

Under Tennessee statutes, the juvenile court has exclusive original jurisdiction over proceedings in which a child is alleged to be dependent and neglected. **T.C.A.**. § 37-1-103(a)(1) (2005). The exclusive jurisdiction of the juvenile court continues "until the case has been dismissed, or until the custody determination is transferred." *Id.* § 37-1-103(c).

The statutes set forth the sequence of the proceedings for hearing a dependency and neglect petition:

> (a)(1) After hearing the evidence on the petition, the court shall make and
> file its findings as to whether the child is a dependent or neglected child . . . .
> If the court finds that the child is not a dependent or neglected child . . . , it
> shall dismiss the petition and order the child discharged from any detention
> or other restriction theretofore ordered in the proceeding.
>
> * * *
>
> (c) If the court finds from clear and convincing evidence that the child is
> dependent, neglected . . . , the court shall proceed immediately or at a
> postponed hearing to make a proper disposition of the case.

**T.C.A.** § 37-1-129 (a)(1) and (c) (2005). Thus, the statutes outline staged proceedings in two phases. In the adjudicatory phase, the juvenile court determines if the child is dependent and neglected. If not, the petition is dismissed. *See* **T.C.A.** § 37-1-129(a)(1). Only if the child is found to be dependent and neglected is the juvenile court then authorized to proceed to the dispositional phase. *See id*. at § 37-1-129(c). In the dispositional phase, the juvenile court may transfer custody of the child. *See generally* **T.C.A** .§ 37-1-130(a)(2) (2005).

4

In a dependency and neglect proceeding, the juvenile court is deemed to be a court of record, and any appeal of its disposition of the petition is to circuit court:

> (a) The juvenile court shall be a court of record . . . . [A]ny appeal from any final order or judgement in . . . [a] dependent and neglect proceeding, filed under this chapter, may be made to the circuit court that shall hear the testimony of witnesses and try the case de novo.

**T.C.A.** § 37-1-159(a) (2005). Thus, the circuit court tries the case *de novo*, utilizing the staged proceedings outlined in Tennessee Code Annotated Section 37-1-129.

In the instant case, prior to the filing of the dependency and neglect petition, the Juvenile Court had jurisdiction over the three older children by virtue of the 1993 order granting custody to the Thomases, which order was not appealed. Once the dependency and neglect petition was filed as to all four children, the Juvenile Court acquired exclusive jurisdiction as to all four children. Likewise, the Circuit Court acquired jurisdiction over all four children by virtue of the appeal by the Thomases from the Juvenile Court's ruling that the children were dependent and neglected.

However, once the Circuit Court determined that the children were not dependent and neglected, it was required to dismiss the petition. **T.C.A** § 37-1-129(a)(1). It was not authorized and had no subject matter jurisdiction to move to the dispositional phase and determine the custody of the four children.

There has been no appeal from the Circuit Court's finding that the children were not dependent and neglected. As set forth above, once that finding was made, the Circuit Court did not have jurisdiction to determine the custody of the children. Therefore, insofar as the Circuit Court order addresses the custody of the four children, it must be vacated. The cause must be remanded to the Juvenile Court for further proceedings. This holding pretermits the issues raised on appeal by Bryant.

The decision of the trial court is vacated in part as set forth above, and the cause is remanded to the Circuit Court with directions to remand to the Juvenile Court for further proceedings not inconsistent with this opinion. Costs on appeal are assessed one-half against Petitioner/Appellant Gardenia Bryant Reliford and one-half against Respondent/Appellees Ella Mae and Joe Thomas.

_____

HOLLY M. KIRBY, JUDGE

5