IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs April 11, 2011

# BARRY W. RITCHIE v. WILLIAM E. HASLAM, GOVERNOR[1] OF THE STATE OF TENNESSEE, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 09C-3154     Hamilton V. Gayden, Jr., Judge**

---

**No. M2010-01068-COA-R3-CV - Filed June 23, 2011**

---

Petition for declaratory judgment was filed seeking a declaration as to whether petitioner was entitled under Article 1, Section 9 of the Tennessee Constitution to a hearing on his contention that the court from which he was convicted lacked territorial jurisdiction. Trial Court granted motion to dismiss on the ground that the petition failed to state a claim for relief under the Declaratory Judgment Act. We affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Barry W. Ritchie, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, Joseph F. Whalen, Associate Solicitor General, and Mark A. Hudson, Senior Counsel, for the appellees, William E. Haslam, Governor of the State of Tennessee; Robert E. Cooper, Jr., Attorney General and Reporter for the State of Tennessee; and Hamilton County, Tennessee.

## OPINION

## I. Factual and Procedural History

Barry Ritchie filed a Petition for Declaratory Judgment and Injunctive Relief in Davidson County Circuit Court, seeking a declaration of his rights under Article I, Section

---

[1] This case originally named then-Governor Phil Bredesen as defendant. Present Governor William Haslam has been substituted in accordance with Rule 19(c), Tenn. R. App. P.

9 of the Tennessee Constitution,[2] and naming the Governor and State Attorney General as well as Hamilton County as respondents. In the petition he alleged that he was entitled to a judicial determination "on the question of the State of Tennessee's exercise of territorial jurisdiction and, if so, whether a hearing is required by the United States and Tennessee Constitutions." He sought to have his rights declared "on the matter of a procedural remedy to hear a territorial jurisdiction claim at any time . . ." and framed the issue as follows:

> . . . whether the Tennessee Constitution, Article I, § 9, gives the petitioner, who was charged by state indictment, a right to a hearing on the question of territorial jurisdiction at any time because no action of the parties can confer territorial jurisdiction upon a state court, that is, the consent of the parties irrelevant, principles of estoppel do not apply, and a party cannot waive the requirement by failing to challenge jurisdiction early in the proceeding.

The Governor and Attorney General filed a motion to dismiss the petition for lack of subject matter jurisdiction and failure to state a claim; as grounds they asserted that the petition did not allege that Mr. Ritchie's rights were "affected by a statute" or that they had "engaged in any action against him grounded in an unconstitutional statute." Mr. Ritchie responded that the Declaratory Judgment Act authorized courts to "declare rights, status, and other legal relations" and requested "that the Court declare what his 'rights, status and other legal relations,' § 29-14-102, are under Tenn. Code Ann. § 29-21-101" as well as his rights under Article I, § 9 of the Tennessee Constitution. The trial court dismissed the petition, finding that the petition failed to state a claim and that the court lacked subject matter jurisdiction.

Mr. Ritchie appeals, asserting that the trial court "err[ed] and abuse[d] its discretion in denying [his] petition for declaratory judgment on the ground that it lacked subject matter jurisdiction." The sole issue before us is whether the circuit court had subject matter jurisdiction of the petition.

---

[2] Article I, § 9 of the Tennessee Constitution provides:

> That in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and in prosecutions by indictment or presentment, a speedy public trial, by an impartial jury of the County in which the crime shall have been committed, and shall not be compelled to give evidence against himself.

## II. Discussion

This action is the latest of several attempts by Mr. Ritchie to address issues in relation to his 1981 conviction of aggravated rape and armed robbery. The history of Mr. Ritchie's conviction and the procedures and issues involved in his efforts to contest that conviction are set forth in *State v. Ritchie*, 20 S.W.3d 624 (Tenn. 2000). In this proceeding, Mr. Ritchie identifies Tenn. Code Ann. § 29-21-101, governing the writ of habeas corpus, as the statute as to which he wishes his rights declared. Specifically, Mr. Ritchie seeks to attack the territorial jurisdiction of the court from which he was convicted pursuant to the habeas corpus statute.

Subject matter jurisdiction involves the power of a court to hear a given case:

The concept of subject matter jurisdiction involves a court's power to adjudicate a particular controversy brought before it. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296, 297 (Tenn. 1988); *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001). Courts derive their subject matter jurisdiction exclusively from the Constitution of Tennessee or from legislative act, *Meighan v. U.S. Sprint Comm'ns Co.*, 924 S.W2d 632, 639 (Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977), and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication. *Dishmon v. Shelby State Cmty. College*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999).

*Campbell v. Tenn. Dep't Corr.*, No. M2001-00507-COA-R3-CV, 2002 WL 598547, at *2 (Tenn. Ct. App. Apr. 19, 2002).

Tenn. Code Ann. § 29-14-103, governing declaratory judgments, states as follows:

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

In *Colonial Pipeline v. Morgan*, 263 S.W.3d 827 (Tenn. 2008), the Supreme Court held that an action under the declaratory judgment statute against individual state officers which challenged the constitutionality of a statute could proceed "to the extent that [the state officers'] actions are grounded in an unconstitutional statute." *Morgan*, 263 S.W.3d at 853.

In so holding, the Supreme Court specifically noted that the declaration being sought was that a particular statute was unconstitutional.[3] The statute, as written and as interpreted by our Supreme Court, requires a claim that the petitioner's rights be affected by the statute or its implementation.

In this case, Mr. Ritchie does not contend that the habeas corpus statute is unconstitutional or that his rights are affected by the statute; rather, he seeks a declaration that he is entitled to a hearing on his claim that, because the crimes of which he was convicted occurred on federal property, the Tennessee court did not have territorial jurisdiction to prosecute him. The declaratory judgment statute simply does not grant the court subject matter jurisdiction of his claim. Moreover, the rights available to him under the habeas corpus statute were the subject of the earlier proceeding reported in *State v. Ritchie.* His claim that the court from which he was convicted lacked territorial jurisdiction has been determined, and he cannot seek to relitigate the issues raised in the previous habeas corpus proceeding under the guise of seeking a declaratory judgment.

For the same reason, the trial court likewise lacked subject matter jurisdiction of Mr. Ritchie's claim under Article I, § 9 of the Tennessee Constitution. For purposes of this case, the vehicle by which the rights enumerated in the Constitution are implemented is in the right to appellate review of the conviction, provisions for post-conviction relief and in the habeas corpus statute. The declaratory judgment statute does not create a cause of action to enforce rights.

## III. Conclusion

For the foregoing reasons, the judgment of the Circuit court is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE

---

[3] The Court stated:

> . . . the Plaintiff does not seek money damages or a refund of paid taxes; *the relief sought is a declaration of unconstitutionality.* Thus, the Chancery Court may issue declaratory and injunctive relief against the Defendants in their individual capacity, so long as the court's judgment is tailored to prevent the implementation of unconstitutional legislation and does not "reach the state, its treasury, funds, or property." Tenn.Code Ann. § 20-13-102.

*Colonial Pipeline Co. v. Morgan,* 263 S.W.3d 827, 853 (emphasis added).