# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March 6, 2012 Session

## RICHARD LAUDE v. STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission for Davidson County**
**No. T20100464      Stephanie Reevers, Commissioner**

---

**No. M2011-01584-COA-R3-CV - Filed March 27, 2012**

---

The Tennessee Claims Commission dismissed Appellant's claims upon concluding that the State was not negligent, and that in the alternative, Appellant was more than fifty percent (50%) at fault. After thoroughly reviewing the record, we conclude that the Claims Commission lacked subject matter jurisdiction to hear Appellant's claims. Accordingly, we reverse the judgment of the Claims Commission and dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Tennessee Claims Commission Reversed and Dismissed**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, Richard Laude.

Robert E. Cooper, Jr., Attorney General and Reporter, William E. Young, Solicitor General, and Dawn Jordan, Senior Counsel, for the appellee, State of Tennessee.

**MEMORANDUM OPINION[1]**

On October 4, 2008, Richard Laude ("Mr. Laude") was driving his motorcycle on the

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

interstate near Nashville, Tennessee. At the same time, Tennessee Highway Patrol Officer Jimmy Knowles ("Trooper Knowles") was in pursuit of a group of motorcycles that were speeding. After allegedly observing Mr. Laude drive onto the shoulder of the road to pass another vehicle, Trooper Knowles pulled Mr. Laude over. Trooper Knowles then ordered Mr. Laude to get off of his motorcycle, and Mr. Laude responded by raising his hands to shoulder level. Trooper Knowles immediately put Mr. Laude in a straight arm bar lock, eventually removed him from the motorcycle to the ground, and placed his knee on Mr. Laude's back to restrain him. Since Mr. Laude did not put his kick stand down on his motorcycle before Trooper Knowles restrained him, his motorcycle fell to the ground. Shortly thereafter, Trooper Knowles discovered Mr. Laude was not a part of the group of motorcycles he was initially pursuing. Despite this discovery, Trooper Knowles proceeded to write Mr. Laude three misdemeanor citations for not having a motorcycle license, not having proper tags on his motorcycle, and reckless driving. Subsequently, following a bench trial in the Davidson County General Sessions Court, all of the misdemeanor charges against Mr. Laude were dismissed.

On October 2, 2009, Mr. Laude filed a claim against the State of Tennessee with the Division of Claims Administration, alleging personal injuries and damages to personal property. The case was later transferred to the Tennessee Claims Commission on December 30, 2009. In its answer, the State conceded that the Claims Commission had subject matter jurisdiction, and also alleged the comparative fault of Mr. Laude. After a trial was conducted on October 26, 2010, both parties submitted proposed findings of fact and conclusions of law. Ultimately, the Claims Commission adopted the State's position and concluded that, under Tennessee Code Annotated section 9-8-307(a)(1)(E) and (F) (1999 & Supp. 2009), the State was not negligent, and that in the alternative, Mr. Laude was more than fifty percent (50%) at fault, thereby barring his recovery. Mr. Laude timely filed a notice of appeal to this Court.

**Discussion**

Although multiple issues are presented to this Court for our review, the dispositive issue on appeal is whether the Claims Commission had subject matter jurisdiction over Mr. Laude's claims against the State. The State argues that the Claims Commission properly disposed of Mr. Laude's claims because he pursued them under Tennessee Code Annotated section 9-8-307(a)(1)(E), which authorizes claims against the State for the "[ne]gligent care, custody and control of persons," and section 9-8-307(a)(1)(F), which authorizes claims against the State for the "[n]egligent care, custody and control of personal property." On the other hand, Mr. Laude argues that the Claims Commission lacked subject matter jurisdiction because all of his claims against the State were intentional torts.

Subject matter jurisdiction involves a tribunal's lawful authority to adjudicate the controversy brought before it. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001). The subject matter jurisdiction of a tribunal in a particular case depends on the nature of the cause of action and the relief sought, *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn.1994); *SunTrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000), and can only be conferred on a tribunal by the Constitution of Tennessee or a legislative act. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639

(Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). Since the determination of whether subject matter jurisdiction exists is a question of law, our standard of review is *de novo*, with no presumption of correctness given to the decision below. *Northland Ins. Co.*, 33 S.W.3d at 729 (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)).

After thoroughly reviewing the gravamen of Mr. Laude's causes of action, we conclude that his claims against the State were intentional torts. In Mr. Laude's complaint, he alleged that Trooper Knowles stopped him without probable cause, used excessive force, unlawfully detained him, and later subjected him to malicious prosecution for the misdemeanor charges. Further, Mr. Laude filed a motion entitled "Motion to Determine if the Actions of [Trooper Knowles] Were Committed Within the Scope of Officer's Office or Employment." In his motion, Mr. Laude argued that Trooper Knowles' actions constituted "[a]ssault and battery (excessive force) and illegal arrest (false arrest) [which] are intentional torts, not recognized in Tennessee as being committed within the scope of an officer's authority."[2] In response to Mr. Laude's motion, the State suggested that "Trooper Knowles' actions are best analyzed pursuant to Tenn. Code Ann. § 9-8-307(a)(1)(E) . . . ." Thus, it was the State, and not Mr. Laude, that raised the issue of the possible application of Tennessee Code Annotated section 9-8-307(a)(1)(E) and (F).

Although Mr. Laude's argument throughout the proceedings in the Claims Commission clearly appears to set forth causes of action for intentional torts, the State emphasizes that we focus on Mr. Laude's proposed findings of fact and conclusions of law that he submitted to the Claims Commission after trial. In Mr. Laude's proposed findings, he states that "[a] police officer in Tennessee has a duty to evaluate a person being arrested before using any type of force against them," and that "[the State] is liable for damages which are a proximate result of his negligence towards the Claimant." The State argues that these statements, followed by Mr. Laude's citation to *Timmons v. Metro. Gov't of Nashville and Davidson Cnty*, 307 S.W.3d 735 (Tenn. Ct. App. 2009), establish that he pursued his case in the Claims Commission based on the "[n]egligent care, custody and control of persons," Tenn. Code Ann. § 9-8-307(a)(1)(E), and the "[n]egligent care, custody and control of personal property." Tenn. Code Ann. § 9-8-307(a)(1)(F).

We do not find the State's argument persuasive. Mr. Laude made the statement that "[a] police officer in Tennessee has a duty to evaluate a person being arrested before using any type of force against them," in the context of his argument that Trooper Knowles used excessive force,

_____

[2]At that time, Mr. Laude had a civil rights action pending in federal court against Trooper Knowles, and in order to proceed with that case, he asked the Claims Commission to make this determination early to avoid any potential application of the waiver provision under Tennessee Code Annotated section 9-8-307(b), which provides:

> (b) Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver is void if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

despite his duty to determine if such force was necessary. As mentioned above, Mr. Laude specifically asserted that Trooper Knowles' use of excessive force amounted to the intentional torts of assault and battery. Moreover, the entire argument section of Mr. Laude's proposed findings, from which the State finds these two examples, focuses on the issues of probable cause, false arrest, excessive use of force, and malicious prosecution. The State admitted in its proposed findings that "[a]lthough it is not clearly stated, it is assumed that claimant is proceeding under [Tenn. Code Ann. § 9-8-307(a)(1)(E) and (F)]." It is this assumption that the State continues to base its argument on appeal. While Mr. Laude did include the single sentence in his proposed findings that "[the State] is liable for damages which are a proximate result of his negligence towards the Claimant," this statement falls short of overcoming Mr. Laude's numerous assertions throughout the record that Trooper Knowles' actions constituted intentional torts. Therefore, because the Claims Commission does not have jurisdiction over any intentional torts, *Shell v. State*, 893 S.W.2d 416, 421 (Tenn. 1995), we hold that the Claims Commission lacked subject matter jurisdiction to hear and adjudicate Mr. Laude's claims.

## Conclusion

For the foregoing reasons, we reverse the judgment of the Claims Commission and dismiss the case. Costs of this appeal are taxed to the Appellee, the State of Tennessee.

 

 

_____
DAVID R. FARMER, JUDGE