IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 4, 2013

## STATE OF TENNESSEE EX REL., MARY SAUCIER v. MATTHEW PARKER

**Appeal from the Chancery Court for Dickson County**
**No. 1203709    Larry J. Wallace, Chancellor**

_____

**No. M2012-00282-COA-R3-CV - Filed April 9, 2013**

_____

State of Tennessee filed petition under the Uniform Interstate Family Support Act to enforce a child support order entered in a California divorce proceeding against the father of the children. The trial court dismissed the petition for lack of jurisdiction. We reverse the decision of the trial court and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; Warren Jasper, Senior Counsel, Nashville, Tennessee, for the Appellant, State of Tennessee ex rel., Mary Saucier.

Jack L. Garton, Dickson, Tennessee, for the Appellee, Matthew Parker.

## OPINION

In accordance with the Uniform Interstate Family Support Act ("UIFSA"), codified in Tennessee at Tenn. Code Ann. §§ 36-5-2001, *et seq.*, the Department of Child Support Services for the State of California sent a request to the Tennessee Department of Human Services ("DHS") in January 2009 asking that DHS register and enforce an order for the collection of child support arrears in the amount of $114,033.30. The order from which the arrearage stemmed was entered in the Superior Court for San Bernadino County on February 20, 1990, following a hearing on an uncontested divorce action between Matthew Albert Parker and Mary Katherine Parker. Under the terms of the order, Ms. Parker was granted

"primary care, custody and control" of the parties' two sons and Mr. Parker was ordered to pay $274.00 per month in child support; the request from the State of California stated that no support payments had been made as required by the order.

The State of Tennessee, on the relation of Ms. Parker (now known as Ms. Saucier), filed the request in Dickson County Chancery Court on July 10, 2009. Mr. Parker duly filed an answer, *inter alia*, denying that he owed the arrearage and asserting that the Tennessee court lacked jurisdiction.[1] A hearing was held before the Child Support Magistrate on June 13, 2011, as a result of which the Magistrate recommended that the petition be dismissed for lack of jurisdiction. The State appealed the Magistrate's recommendation to the Chancellor, who held a hearing on the appeal and entered an order affirming the Magistrate's recommendation.

The State appeals, contending that the court erred in failing to register the California order.

## I. Discussion

At the outset we address what appears to be confusion between the parties as to what the trial court decided when it dismissed the case. The State contends that the trial court erred in holding that it did not have jurisdiction because the California order was the "controlling order" under Tenn. Code Ann. § 36-5-2207(a), and that registration of the California order for purposes of enforcement was proper "despite that neither party resides in California." In his brief on appeal, Mr. Parker contends that he "did present defense to the registration of the California order" as allowed by Tenn. Code Ann. § 36-5-2607 and that the defense was the basis of the court's ruling.

The trial court did not enter findings or explain the basis for affirming the Magistrate's recommendation, stating only that "the Findings and Recommendation of the Child Support Magistrate for 06/13/11 are hereby affirmed." In the Findings and Recommendation, the Magistrate stated in pertinent part:

---

[1] Mr. Parker's answer included the following statements:

1. The minor children in question resided with the defendant for the majority of the period of time in question, and attended Dickson County Schools.
2. Neither party has resided in the state of California since their divorce in 1990.
3. Defendant does not owe the amount set forth.
4. As neither party has resided in California since their divorce, there is no jurisdiction of the subject matter or the parties.

California Judgment for arrearages was sent to Texas for registration and enforcement of the California Order. Neither party resides in California. The request for registration of the California order registered in Texas would have to be sent to Tennessee by Texas. Petition to register California order from California should be dismissed for lack of jurisdiction.

Although there is no transcript of the hearing before either the Magistrate or the trial court, the chancellor approved a Statement of the Evidence prepared by Mr. Parker which stated:

> Upon statement of counsel for both parties, and the documentary evidence, it appears to the Court that the parties were divorced in the State of California, San Bernadino County, on June 19, 1990. Said order was amended by subsequent order entered August 1, 1990. Both parties moved out of the State of California in the early 1990's. The minor children came to reside with the Respondent in Tennessee in the early 1990's, and lived with him until the age of majority. Respondent was the sole provider for the minor children. The whereabouts of the Mother were unknown.
>
> The State of California sent a UIFSA to the State of Texas in 1994. The California court order was then registered in the State of Texas. California lost continuing exclusive jurisdiction over this matter, and the Respondent has a defense under the law of this state to the remedy sought.
>
> It further appears to the court that the actions of Mary Saucier were fraudulent in concealing her whereabouts until the minor children reached the age of majority.

From the foregoing, it is clear that the court construed Mr. Parker's answer as asserting defenses as allowed by Tenn. Code Ann. § 36-5-2607, conducted a hearing, and determined that Mr. Parker established a defense to enforcement of the California order. Inasmuch as the court did not dismiss the proceeding for lack of personal jurisdiction over Mr. Parker, we must conclude that the court's dismissal was for lack of subject matter jurisdiction.

> Subject matter jurisdiction involves the power of a court to hear a given case:
>
> Courts derive their subject matter jurisdiction exclusively from the Constitution of Tennessee or from legislative act, *Meighan v. U.S. Sprint Comm'ns Co.*, 924 S.W2d 632, 639 (Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977), and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication. *Dishmon v. Shelby State Cmty. College*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999).

*Campbell v. Tenn. Dep't Corr.*, No. M2001-00507-COA-R3-CV, 2002 WL 598547, at *2 (Tenn. Ct. App. Apr. 19, 2002). We review the question of jurisdiction as a question of law *de novo* with no presumption of correctness afforded the trial court's ruling. *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006) (citing *State v. Cawood* 134 S.W.3d 159, 163 (Tenn. 2004)). We likewise review questions of statutory interpretation *de novo* with no presumption of correctness. *Id.* (citing *State v. Collins* 166 S.W.3d 721, 725 (Tenn. 2005)).

UIFSA grants Tennessee courts subject matter jurisdiction to enforce judgments, decrees or orders for child support entered in other states or jurisdictions; where a court in one state has entered a child support order, that order must be recognized in Tennessee. Tenn. Code Ann. § 36-5-2207. To be enforced, the order must be registered in Tennessee; registration is achieved by sending certain documents and information to a court in the county where the decree is to be registered; once received, the order is filed as a foreign judgment. Tenn. Code Ann. § 36-5-2602. A person who is the object of the filing (referred to in the statute as "the nonregistering party") may contest the validity or enforcement of the order and receive a hearing. Tenn. Code Ann. § 36-5-2606. At the hearing, the nonregistering party has the burden of proving certain enumerated defenses. Tenn. Code Ann. § 36-5-2607. [2]

---

[2] Tenn. Code Ann. § 36-5-2607 provides:

(a) A party contesting the validity or enforcement of a registered support order or seeking to vacate the registration has the burden of proving one (1) or more of the following defenses:
(1) The issuing tribunal lacked personal jurisdiction over the contesting party;
(2) The order was obtained by fraud;
(3) The order has been vacated, suspended, or modified by a later order;
(4) The issuing tribunal has stayed the order pending appeal;
(5) There is a defense under the law of this state to the remedy sought;
(6) Full or partial payment has been made;
(7) The statute of limitation under § 36-5-2604 precludes enforcement of some or all of the alleged arrearages; or
(8) The alleged controlling order is not the controlling order.

(b) If a party presents evidence establishing a full or partial defense under subsection (a), a tribunal may stay enforcement of the registered support order, continue the proceeding to permit production of additional relevant evidence, and issue other appropriate orders. An uncontested portion of the registered support order may be enforced by all remedies available under the law of this state.

(c) If the contesting party does not establish a defense under subsection (a) to the validity or enforcement of a registered support order, the registering tribunal shall issue an order confirming the order.

Reviewing this matter *de novo*, we fail to see that the facts establish any of the defenses enumerated at Tenn. Code Ann. § 36-5-2607 to enforcement of the order setting Mr. Parker's child support. The pertinent facts, as contained in the Magistrate's findings and the statement of the evidence, establish that the parties left California at some point after their divorce; that a request for registration and enforcement of the order was previously sent to Texas; that the children at some point lived with Mr. Parker; and that he was their sole provider. These facts do not support the court's apparent legal conclusion that there was "a defense under the law of this state to the remedy sought" or that the California court lost "continuing exclusive jurisdiction" over this matter.[3] To the contrary, the court had jurisdiction under UIFSA to register and enforce the judgment.

We note also that Exhibit 1 to the September 29, 2011, hearing reflects that the parties participated in a hearing in the San Bernadino County Superior Court on October 30, 2007, on a request by Mr. Parker that the court determine the amount of his arrearage; the court treated the request as a motion for what it referred to as "Trainotti credits"[4] and denied the motion.[5] The scant record of the 2007 California hearing shows that Mr. Parker acknowledged that the California court was the appropriate court to modify its child support order and that the effect of the fact that the children lived with him during their minority on his obligation of support was addressed by that court. There is nothing in UIFSA which allows an obligor parent to relitigate a matter which has been raised and decided in the state which entered the order for which enforcement is sought.

---

[3] The quoted language is contained in the Statement of the Evidence, rather than a court order. Mr. Parker has failed to identify the defense under Tennessee law which he contends these facts establish; or the manner in which he contends the California court lost jurisdiction to enforce its order.

[4] In its brief, the State explains that "Trainotti credits" refers to credits for the time the children spent in his home.

[5] In the transmittal of the order, the initiating contact person explains:

The children emancipated in 2005 and 2006 (respectively). The NCP [non-custodial parent] did file a motion in our courts to have a Judicial Determination of Support Arrearages on 8/06/2007 but the NCP's motion was treated as a Motion for Trainotti Credits and his motion was denied. NCP was trying to request credit (traintotti credit) for the time the children were in his home. He was not granted any credits. CP [custodial parent] has stated that the NCP kept the children after a visit and never returned them back to her after the visit. Per Operations Manager, California maintains jurisdiction of the case as it is arrears only and your state can only make orders to enforce the California arrears such as obtaining a court order for arrears payments. NCP has already had the issue of arrears addressed and that issue would not be addressed again. . . .

-5-

## II. Conclusion

Accordingly, we reverse the judgment of the trial court and remand this case for registration of the California judgment and such other further proceedings as may be necessary to enforce the judgment.

_____
RICHARD H. DINKINS, JUDGE