IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 23, 2015 Session


# GOODYEAR TIRE & RUBBER COMPANY, ET AL. v. KARLA DAVIS, ET AL.


**Appeal from the Chancery Court for Davidson County**
**No. 111666IV        Russell T. Perkins, Chancellor**

---

**No. M2014-00475-COA-R3-CV – Filed May 26, 2015**

---


An employee of Goodyear Tire & Rubber Co. ("Goodyear") fell while at work and suffered injuries; pursuant to the Workers' Compensation Law, Tenn. Code Ann. § 50-6-101, *et seq.*, she began receiving medical treatment. She subsequently relocated to Minnesota and made a request to Goodyear that she be provided a second panel of physicians in order to continue her treatment; Goodyear denied the request. At the employee's request a workers' compensation specialist from the Tennessee Department of Labor and Workforce Development ordered Goodyear to provide a second panel of physicians. Goodyear requested and received an administrative review of the specialist's order; the Department affirmed the order. Thereafter, Goodyear filed a petition for writ of certiorari in Chancery Court pursuant to Tenn. Code Ann. § 27-8-101 asserting that the Department exceeded its authority by ordering Goodyear to provide a second panel of physicians and a physician outside of Tennessee. The Department moved to dismiss the petition for lack of subject matter jurisdiction; the court denied the motion and considered the merits of the petition. The court held that the Department did not exceed its authority in ordering the panel of physicians; Goodyear appeals. The Department of Labor also appeals the holding that the court had subject matter jurisdiction to review its decision. Concluding that the trial court lacked subject matter jurisdiction, we reverse the judgment of the court and dismiss the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed.**
**Petition for Certiorari Dismissed.**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

W. Lewis Jenkins, Jr., Dyersburg, Tennessee, for the appellant, Goodyear Tire & Rubber Company and Liberty Mutual Insurance Company.

Herbert H. Slatery, III, Attorney General and Reporter; Joseph F. Whalen, Acting Solicitor General; Alexander S. Rieger, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Labor and Workforce Development.

## OPINION

### I. FACTUAL BACKGROUND

This appeal arises out of a claim brought pursuant to the Tennessee workers' compensation law, Tenn. Code Ann. § 50-6-101, *et seq.*, by Susan Settle, a former employee of Goodyear Tire & Rubber Co. ("Goodyear") at its Union City, Tennessee, plant, who suffered injuries to her shoulders and knees when she fell at work. Ms. Settle was first seen by a doctor at the plant; she later selected Dr. Claiborne Christian from a panel of physicians provided by Goodyear to provide treatment for her right shoulder. After her treatment had begun, Ms. Settle filed a Request for Assistance ("RFA")[1] with the Tennessee Department of Labor and Workforce Development ("the Department"), requesting that the Department approve and order treatment for her left shoulder and both knees; her request was granted. Dr. Christian subsequently recommended surgery on Ms. Settle's left knee. Following receipt of a second opinion from Dr. Blake Chandler, in which he agreed with Dr. Christian's recommendation, Ms. Settle received the requested treatment.[2]

Ms. Settle moved to Big Lake, Minnesota, and requested that she be provided a second panel of physicians in Minnesota so that her treatment could continue; Liberty

---

[1] Pursuant to Tenn. Code Ann. § 50-6-238(a)(1)(A), "[a]ny party or their attorney may request the assistance of a workers' compensation specialist in the determination of whether temporary disability or medical benefits are appropriate by filing with the division a form prescribed for that purpose by the commissioner." Tenn. Code Ann. § 50-6-238(a)(3) authorizes a workers' compensation specialist to order an "employer or insurer to provide specific medical treatment recommended by the treating physician, and . . . to require the employer to provide the appropriate panel of physicians to the employee." The accompanying regulations define a Request for Assistance as "a request for a Workers' Compensation Specialist to gather information, analyze issues, facilitate resolution of disputed issues, and/or make a determination regarding temporary disability, medical benefits, causation, compensability and/or penalties." Tenn. Comp. R. & Regs. 0800-02-05-.01(13).

[2] The second opinion had been requested by Liberty Mutual Insurance Company ("Liberty Mutual"), Goodyear's workers' compensation insurer.

Mutual refused the request. Ms. Settle then filed a RFA requesting that Liberty Mutual be ordered to provide a second panel. Counsel for Goodyear sent a letter to Dawn Young, the workers' compensation specialist for the Department, stating that Tenn. Code Ann. § 50-6-204 did not entitle Ms. Settle to a second panel nor did it provide authority for the appointment of a panel outside of the state of Tennessee. Ms. Young, however, ordered Goodyear to provide a second panel for Ms. Settle. Pursuant to Tenn. Code Ann. § 50-6-238(d)(1)(B)(i), Goodyear requested and received an administrative review of the Ms. Young's decision; the Department affirmed the order.

Goodyear filed a petition for certiorari review of the Department's decision, pursuant to Tenn. Code Ann. § 27-8-101 and § 27-9-101, contending that Tenn. Code Ann. § 50-6-204 did not obligate Goodyear to provide a second panel because it had previously provided Ms. Settle with a panel of physicians for her injuries; did not give the Department the authority to order an employer to provide a second panel of physicians once the employer has complied with the statute; and did not require that Goodyear provide a panel of physicians outside of Tennessee.[3] The Department moved to dismiss the petition pursuant to Tenn. R. Civ. P. 12.02(1) asserting that the court lacked subject matter jurisdiction because Goodyear had not yet exhausted the Benefit Review Conference ("BRC") process.

Following a hearing, the court denied the motion to dismiss. With respect to the petition for certiorari, the court held that the Department did not exceed its authority or act illegally when it ordered Goodyear to provide a second panel for Ms. Settle in Minnesota and denied the petition; Goodyear appeals this determination. The Department cross-appeals, contending that the court did not possess subject matter jurisdiction to review the petition because Goodyear failed to exhaust its administrative remedy provided in the workers compensation law.

## II. DISCUSSION

The Department contends that the court did not possess subject matter jurisdiction because Goodyear had not yet exhausted its administrative remedy—the BRC process—prior to filing its petition for review. Goodyear asserts that a writ of certiorari is the appropriate mechanism for subject matter jurisdiction because Goodyear was not seeking judicial review of the Department's decision, but a review of whether the

---

[3] Goodyear initially filed this action in the Chancery Court for Obion County. The Department filed a Tenn. R. Civ. P. 12.02(1) and (2) motion to dismiss on the ground that, *inter alia*, proper venue lay in Davidson County; the case was transferred to Davidson County Chancery Court.

Department exceeded its authority by ordering a second panel of physicians. Because subject matter jurisdiction is a threshold issue, we first address the Department's contention.

Courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative acts. *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Suntrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000). They cannot exercise subject matter jurisdiction unless it has been conferred on them explicitly or by necessary implication. *Dishmon v. Shelby State Community College*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). The presence or absence of subject matter jurisdiction is a question of law. Accordingly, we review that question on appeal *de novo* without a presumption of correctness. *Northland Insurance Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *Nelson v. Wal-Mart Stores*, 8 S.W.3d 625, 628 (Tenn. 1999); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Where a statute requires the exhaustion of administrative remedies, "exhaustion is an absolute prerequisite for relief," *Bailey v. Blount County Bd. Of Educ.*, 303 S.W.3d 216, 236 (Tenn. 2010)); "[the] failure to exhaust administrative remedies will defeat a reviewing court's subject matter jurisdiction." *Pickard v. Tennessee Water Quality Control Bd.*, 424 S.W.3d 11, 523 (Tenn. 2013) (citing *Bailey*, 303 S.W.3d at 236). Therefore, we review the adequacy of the procedure as set forth in the statute and whether that procedure contained an appropriate remedy to address Goodyear's concerns.

The workers compensation law embodies a comprehensive statutory procedure to determine the benefits available for work-related injuries. Under the procedure, either the employee or employer may request assistance from a workers' compensation specialist to determine "whether temporary disability or medical benefits are appropriate by filing with the division a form prescribed for that purpose by the commissioner." Tenn. Code Ann. § 50-6-238(a)(1)(A). After a specialist has been assigned, he/she reviews the relevant medical records and information in order to make an appropriate decision as to which benefits, if any, the injured employee should receive. *Id*. at § 238(a)(2)-(6). If either party is not satisfied with the specialist's decision, it may request an administrative review of the specialist's order by the administrator of the division of workers' compensation. *Id*. at § 238(d)(1)(B)(i).

The statute also includes a process by which the parties must resolve disputes arising under the determination of the benefits to be ordered. Tenn. Code Ann. § 50-6-239 provides in pertinent part[4]:

---

[4] This version of the statute was in effect on October 28, 2009, the date of Ms. Settles' injury; the

(a) In all cases in which the parties have any issues in dispute, whether the issues are related to medical benefits, temporary disability benefits, or issues related to the final resolution of a matter, the parties shall request the department to hold a benefit review conference.

(b) The parties to a dispute shall attend and participate in a benefit review conference that addresses all issues related to a final resolution of the matter as a condition precedent to filing a complaint with a court of competent jurisdiction, unless the benefit review conference process is otherwise exhausted pursuant to rules promulgated by the commissioner.

Tenn. Comp. R. & Regs. 0800-02-05-.09 sets forth the specific circumstances in which the benefit review conference process is considered exhausted.[5]

---

statute was amended by Chapter no. 289, § 82, Public Acts 2013 for injuries occurring on or after July 1, 2014.

[5] Tenn. Comp. R. & Regs. 0800-02-05-.09 provides:

(1) The Benefit Review Conference Process shall be deemed exhausted only upon occurrence of any of the following:
    (a) Issuance of a Benefit Review Report which indicates an Order Denying Benefits based upon non-compensability of the claim has been issued by a Workers' Compensation Specialist, provided that:
        1. if Administrative Review of the Specialist's Order Denying Benefits based upon a finding of non-compensability is not requested, the Benefit Review Report referenced in (1)(a) above will be issued fifteen (15) days after the issuance of the Order Denying Benefits;
        2. if Administrative Review of the Specialist's Order Denying Benefits based upon a finding of non-compensability is requested, the Benefit Review Report referenced in (1)(a) above will be issued fifteen (15) days after issuance of an Order by the Administrator's Designee that upholds the Order Denying Benefits;
        3. A Specialist's Order Denying Benefits on grounds other than compensability does not exhaust the Benefit Review Conference process.
    (b) Reaching a mediated settlement, as evidenced by a signed document executed by the proper parties and the Workers' Compensation Specialist;
    (c) Issuance of an impasse report signed and dated by a Workers' Compensation Specialist.
    (d) Conducting and completing mediation by private Rule 31 mediator, provided the Department has failed to conduct a BRC within 60 days of receipt of such a request, pursuant to Tenn. Code Ann. § 50-6-239(c);
    (e) Issuance of a written waiver signed by the Director of the Benefit Review Program or the Director's designee;
(2) When a Benefit Review Report is issued, such Report shall specify whether the Benefit

5

The writ of certiorari statute, Tenn. Code Ann. § 27-8-101, states:

The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. . . .

According to the plain language of the statute, certiorari review of a decision is only appropriate when "an inferior tribunal [or] board . . . has exceeded [its] jurisdiction" and the court adjudges that there is "no other plain, speedy, or adequate remedy." Therefore, a writ of certiorari does not provide relief if a remedy to the party complaining is available.

The role of the courts in the administration of the workers' compensation program is limited. The concerns raised by Goodyear as to the authority of the Department involve administrative decisions relative to the benefits which were available to Ms. Settle under the law and how those benefits would be provided; it is entirely appropriate, as well as required by Tenn. Code Ann. § 50-6-239 that the benefit review process be followed prior to seeking judicial intervention.[6] As noted in *Tyson Foods ex rel. Gibson*

_____

Review Process is exhausted. The date and time noted on the Report issued by a Workers' Compensation Specialist shall determine when the Benefit Review Process is exhausted.

(3) If the parties have mutually agreed to a settlement without a Benefit Review Conference, the parties shall not be required to exhaust the Benefit Review Conference Process before submitting the settlement to an appropriate Court or to the Workers' Compensation Specialist for approval. If the settlement is not approved, the parties shall then be required to exhaust the Benefit Review Conference Process.

(4) The Benefit Review Conference Process shall not be deemed exhausted upon the occurrence of the following:

(a) The filing of a Request for Assistance or a determination thereof on grounds other than non-compensability pursuant to Tenn. Code Ann. §§ 50-6-236 or 50-6-238;

(b) Any penalty Orders pursuant to Title 50, Chapter 6 of Tennessee Code Annotated;

(c) Withdrawal of a Request for Assistance or Request for Benefit Review Conference;

(d) Involuntary dismissal pursuant to Tenn. Code Ann. § 50-6-203(f) (2005 Repl.)

[6] As noted in *Bailey v. Blount County Bd. of Educ.*:

By discouraging premature judicial interference with agency processes, the exhaustion doctrine serves several goals. First, it allows an administrative agency to function

6

*v. Tennessee Dep't of Labor & Workforce Dev., Workers' Comp. Div.*, "it is implicit in the statutory scheme that the employer must first exhaust the Benefit Review process" prior to seeking judicial review. No. M2010-02277-COA-R3CV, 2011 WL 4790980, at *4 (Tenn. Ct. App. Oct. 10, 2011) (internal citation omitted). "As for the availability of judicial review of administrative decisions, it is evident that the General Assembly intended to defer the employer's or insurer's right to judicial review until the Benefit Review Process had been exhausted." *Id.*

Goodyear did not exhaust the benefit review conference process as required by Tenn. Comp. R. & Regs. 0800-02-05-.09; consequently, the court did not possess subject matter jurisdiction pursuant to Tenn. Code Ann. § 27-8-101. In light of our holding, our consideration of Goodyear's contention that the Department was not authorized to order a second panel of doctors for Ms. Settle is pretermitted.

## III. CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed and the petition dismissed.

_____
RICHARD H. DINKINS, JUDGE

---

efficiently and to correct its own errors. Second, it "allows the agency to develop a more complete administrative record upon which the court can make its review." Third, the doctrine allows agencies to take full advantage of their particular expertise in specialized fact-finding, the interpretation of contested technical subject matter, and disputes over the agency's regulations.

303 S.W.3d at 236 (internal citations omitted).